Calvin F. WALLACE, Appellant,

v.

Miriam Young WALLACE, Appellee.

No. 14141.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 2, 1963.

Rehearing Denied Oct. 30, 1963.

Mahoney, Shaffer & Hatch, Corpus Christi, for appellant.

Wiley L. Cheatham, Cuero, for appellee.

BARROW, Justice.

This is an appeal by Calvin F. Wallace as to parts of a judgment rendered in a divorce action brought by his wife. After a full hearing before the court without a jury, judgment was rendered granting Miriam Young Wallace a divorce, awarding her custody of the four minor children born of this marriage, partitioning the community estate, and ordering appellant to contribute $50.00 per month to the support of each child under eighteen years of age.

Appellant asserts two errors: 1. The trial court abused its discretion in requiring appellant to contribute to the support of the children, under the undisputed evidence that appellant is totally disabled and has no property or source of funds from which to make and maintain said contributions; 2. The trial court had no authority to divest appellant of title to three insurance policies on his life.

Appellee has moved to dismiss this appeal on the ground that appellant is estopped to assert error in the judgment because he voluntarily accepted benefits under this judgment by subsequently conveying to his brother certain real estate awarded to appellant in the judgment. In Carle v. Carle, 149 Tex. 469, 234 S.W.2d 1002, 1004, the Supreme Court recognized the general rule that a litigant cannot treat a judgment as both right and wrong, and if he voluntarily accepts the benefits of a judgment, he cannot afterwards prosecute an appeal therefrom. The narrow exception to this rule was set forth, that "where the reversal of a judgment cannot possibly affect an appellant's right to the benefits secured under a judgment, then an appeal may be taken." See, Nixon v. Nixon, Tex. Civ.App., 348 S.W.2d 438.

It is our opinion that the two points asserted by appellant fall within this exception. There is no indication in the record or contention by appellee that the amount of child support contributions is related to the partition of the community property. Appellant urges that the record establishes his inability to contribute child support at this time. The trial court ordered that the three life insurance policies in question be transferred to appellee in trust for the minor children, and further ordered that if this transfer be invalid, the amount of the cash surrender value should be awarded to appellee. Appellant con-

cedes that the trial court has the authority to award appellee judgment for the amount of the cash surrender value of the policies as of the time of the divorce. It is seen that neither of these points would require a remand of the case. Rather, if appellant should prevail on either point, the judgment of the trial court would properly be reformed. We therefore overrule appellee's motion to dismiss this appeal.

Appellant's first point must fail, as the record does not establish that he has no source of funds with which to make the child support contributions. Prior to May 3, 1957, appellant was engaged in the practice of veterinary medicine and the parties accumulated a substantial community estate. On this date appellant sustained an accidental injury to his back when a cow fell on him. Under the evidence introduced at this trial, he has been totally disabled since that time and will continue to be so disabled until he has an operation on his back. He testified that he plans to have the operation when the divorce case is settled and hopes to resume a limited practice at that time. Until then, he urges that he will have virtually no income and is unable to contribute to the support of his children.

In the division of the cash on hand, the trial court ordered that $2,675.00 be paid into the registry of the court and disbursed by the clerk in payment of appellant's child support obligations. This would satisfy the judgment for over one year.

■■ At the time of his accidental injury, appellant was insured by a policy of accident and sickness insurance which, among other benefits, provides for the payment of $400.00 per month while he is totally disabled. He received these benefits until February, 1962, when the payments were suspended pending further investigation of appellant's physical condition. At the time of the trial, in August, 1962, appellant's attorney was trying to collect the past due payments. Appellant urges that these benefits terminate under the policy after five years, but this is dis-

puted by appellee. The policy was introduced in evidence and provides: "Payments ($400.00 per month) shall continue to be made while the member remains totally disabled. However, unless the disability results directly and independently of all other causes, from accidental bodily injuries sustained while insured, payments shall be limited to 5 years or until his 72nd birthday, whichever is the shorter period, for any one continuous period of disability." The evidence supports the trial court's implied finding that since appellant was disabled as a result of accidental bodily injuries, the appellant will receive $400.00 per month so long as he is totally disabled. Any material change in this situation after the operation, would be a proper matter for determination at that time, under provisions of Art. 4639a, Vernon's Ann.Civ. Stats. The trial court did not abuse its discretion in ordering appellant to contribute to the support of his children.

■ Appellant next asserts that the trial court did not have the legal authority to divest him of title to three life insurance policies. These policies, although on his life, were admittedly a part of the community estate. This contention is not without substantial merit in that it has been held that the court should not attempt to enforce any variation of the relations between insured and insurer while the insurance contract is in process of performance. Russell v. Russell, Tex.Civ.App., 79 S.W.2d 639. In Locke v. Locke, Tex.Civ.App., 143 S.W.2d 637, it was held that the cash surrender value of a policy was a community estate asset and that the trial court properly awarded the wife judgment for an amount equal to one-half of the cash surrender value of the policies. This Court recognized the above rule in Russell v. Russell, supra, and held that the wife had no right of control over the policies, and the court would have no authority to compel Locke to surrender the policies for collection of the cash surrender values, or otherwise to control the contract between the insured and the insurer.

Cox v. Cox, Tex.Civ.App., 304 S.W.2d 175, substantially broadened the rights of the community estate in a life insurance policy. Mrs. Cox sued her former husband for fraudulently misrepresenting material facts in the inventory filed in the prior divorce case in that he had withheld information of a paid-up life insurance policy. It was shown that a loan against the policy cancelled out the cash surrender value. The court, after a full review of the authorities, concluded that there was now no sound basis why the value of life insurance coverage, as well as the cash surrender value, might not be considered in a property division between parties to a divorce action and that the coverage evidenced by the policy had a value which was an asset of the community estate of the parties.

It is our opinion that significant changes have been made in the law applicable to this situation so as to destroy the legal basis for the rule set forth in Russell v. Russell, supra. The Supreme Court in Womack v. Womack, 141 Tex. 299, 172 S.W.2d 307, expressly overruled the rule, which was previously recognized, that policies of life insurance were not "property" within the meaning of Art. 4619, Vernon's Ann.Civ. Stats. The Court cited with approval the statement of Mr. Justice Holmes in the case of Grigsby v. Russell, 222 U.S. 149, 32 S.Ct. 58, 56 L.Ed. 133, that: "[L]ife insurance has become in our days one of the best recognized forms of investment and self-compelled saving. So far as reasonable safety permits, it is desirable to give to life policies the ordinary characteristics of property." See also Art. 23, Vernon's Ann.Civ.Stats.; XX Texas Bar Journal 691.

Prior to the passage of an Act by the 53rd Legislature on May 26, 1953, it was well established case-law in this State that a divorced wife did not have an insurable interest in the life of her former husband. Whiteselle v. Northwestern Mut. Life Ins. Co., Tex.Com.App., 221 S.W. 575. This rule was changed by the legislative Act designated as Art. 3.49–1, Texas Insurance Code, Vernon's Ann.Civ.Stats, which provides that any person designated as a beneficiary by the insured in a life insurance policy or to whom a life insurance policy is transferred or assigned, has an insurable interest. McCain v. Yost, 155 Tex. 174, 284 S.W.2d 898; 32 Texas Law Review 346. This Act further authorizes the transfer or assignment of a life insurance policy to any extent not prohibited by the terms of the policy. It is significant that the policies in question do not prohibit any written assignment and there is nothing in this record to show any objection by the life insurance companies involved to the order complained of by appellant.

Article 4638, Vernon's Ann.Civ.Stats., directs the trial court granting a decree of divorce to order a division of the community estate in such a way as the court deems just and right. The life insurance policies in question were clearly community property and an important part of the community estate. The courts now recognize that life insurance is a common article of present day commerce and plays an important part in the economy of the nation and the financial security of individual families. Womack v. Womack, supra; Cox v. Cox, supra. In our opinion, it would seriously restrict the trial court's ability to fairly partition the community estate if he had no power to divest the named insured of title to life insurance policies which are an integral part of the community estate. Neither the Texas Insurance Code nor the insurance contract prohibits such an assignment. Allen v. Allen, Tex.Civ.App., 363 S.W.2d 312, illustrates the contrary situation in that there the Railroad Retirement Act prohibited an assignment of future retirement benefits. It is conceded that the policies are a valuable community asset and that because of the poor health of appellant it would not be prudent to surrender the policies for their cash surrender value.

It is therefore our opinion that the trial court had the legal authority to order all

interest in the three life insurance policies to be transferred to the appellee and held in trust for the benefit of the children born of this marriage.

The judgment is affirmed.