**Charles Norman COLE, Appellant,**

v.

**Sarah Louise COLE, Appellee.**

**No. 19479.**

Court of Civil Appeals of Texas, Dallas.

May 19, 1978.

Rehearing Denied June 29, 1978.

Gerald R. Coplin, Passman, Jones, Andrews, Coplin & Holley, Dallas, for appellant.

R. W. Bill Glenn, Plano, for appellee.

GUITTARD, Chief Justice.

This is the second appeal in a property dispute between divorcing spouses. We reversed the earlier decree because we concluded the court erred in failing to consider the potential income tax liability for both spouses and Sarah Cole's lack of resources

to discharge any additional tax liability against her. *Cole v. Cole,* 532 S.W.2d 102 (Tex.Civ.App.—Dallas 1975, no writ). The record on that appeal showed also a substantial disparity in earning capacity, which the court apparently declined to consider. Accordingly, insofar as the decree divided the estate of the parties, the judgment was reversed and the cause was remanded for a new trial with instructions to consider the potential tax liability and the disparity in earnings in making a division of the property.

After remand, the trial judge heard evidence on the tax liability, the earning capacity of each of the parties, and many other matters bearing on the division of the property. The evidence in the former trial was considered by the judge and both parties as being before the court, and the record of that trial was referred to from time to time. New evidence showed that the tax liability had been discharged, so far as could be determined. After two extensive hearings, the court signed a revised divorce decree dividing the property substantially as before, but with one exception, to which Charles Cole objects on this appeal. In lieu of a partition of certain land awarded to him in the earlier decree, the court awarded Sarah a money judgment against Charles in the amount of $10,000, payable at $500 a month for twenty months.

On this appeal Charles does not challenge the ultimate division of the property as being unjust or unfair or as an abuse of the court's discretion under section 3.63 of the Texas Family Code. His only attack is his complaint that in doing so, the judge went beyond this court's instructions. He argues that to require him to make monthly payments in lieu of a partition of real estate which had already been set aside to him in the earlier decree amounts to an unauthorized award of alimony after divorce.

We do not construe our instructions so narrowly. In reversing and remanding for a new trial with respect to division of the estate of the parties, we directed the trial court to consider the disparity of earning capacity as well as the potential tax

liability. In accordance with our instructions, the judge heard additional evidence of the earnings of each party and made further findings and conclusions. These findings and conclusions show that in making the final division the judge took into consideration the physical condition of the parties, their earning power, their business opportunities and capacities, and the benefits which the spouse not at fault would have derived from the other spouse through continuation of the marriage. In view of these circumstances, the judge concluded that in accordance with the mandate of this court, and in lieu of the existing real property awarded to Charles, one of the factors to be considered in making a fair, just, and equitable division of the estate of the parties would be a money judgment against Charles in the amount of $10,000. Accordingly, he modified the former division in this respect. Although Charles attacks certain of the trial court's findings of fact on which this judgment is based, our examination of the record has convinced us that the evidence is sufficient to support the findings and that the judge neither disregarded our instructions nor abused his discretion to make such a division of the property as he found to be just and right and with due regard for the rights of the parties.

Charles contends further that the court erred in awarding Sarah a monetary sum in addition to the properties awarded to her in the original decree because she is estopped from seeking a different or additional award by voluntarily accepting the benefits of that decree. The record shows that after this court remanded the case for further proceedings, Sarah sold the homestead awarded to her and paid the indebtedness against it. The trial court found that her income was insufficient to meet the monthly payments of that indebtedness.

We conclude that this is not a proper case for the application of the rule announced in *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1951), that a party cannot treat a judgment as both right and wrong, and, therefore, is estopped to appeal if he has accepted the benefits of the judgment.

That opinion is based on *voluntary* acceptance of benefits under a judgment. In view of the trial court's finding that Sarah's income was insufficient to meet the monthly payments on the indebtedness against their homestead and her testimony concerning the expense of maintaining the home, we cannot say that the sale was voluntary. Certainly, she was not required to default on the indebtedness and suffer a foreclosure while waiting for another hearing in the trial court. Acceptance of benefits under divorce decrees in comparable circumstances has been held not to be voluntary. *Trevino v. Trevino*, 555 S.W.2d 792, 796 (Tex.Civ.App.—Corpus Christi 1977, no writ); *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex.Civ.App.—Dallas 1977, no writ); *cf. McCartney v. Mead*, 541 S.W.2d 202, 205 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ) (discussing inability of party to make an appeal bond except with assets awarded by judgment).

Charles also contends that the trial court erred in striking his counterclaim filed after remand. In that counterclaim he alleged that Sarah had failed to deliver certain property awarded to Charles in the earlier decree, that she had impaired his credit by unauthorized use of his credit cards while she was receiving temporary alimony payments, and that the court's former decree should be specifically enforced. Sarah moved to strike the counterclaim on the ground that it was not within the issues on remand as limited by this court's instructions, and the judge sustained the motion. On this appeal, Charles argues that since Sarah was permitted to reopen the property division and claim more than the property allotted to her in the original decree, he also should have been permitted to claim affirmative relief or offsets by his counterclaim. Our examination of the record persuades us that no prejudice is shown by the trial court's ruling. So far as enforcement of the original decree is concerned, the second decree gives him the same property as before, subject to the $10,000 payment. If Sarah fails to deliver any property that Charles is entitled to under that decree, he may then apply to the court for enforcement. With respect to the other matters alleged in the counterclaim, the record affirmatively shows that the court's action in striking the counterclaim did not prevent his counsel from presenting any evidence he desired to present on the property-division issue. The trial judge was more than patient in permitting counsel for both parties to interrogate the parties in detail about a great variety of matters, some of which had little bearing on the issue of fair and just division of the properties. Presumably, the judge took every relevant item of evidence into consideration in making his final division of the properties, and Charles does not suggest that he had any additional evidence that he was prevented from presenting. The judge was careful to follow this court's instructions and to give both parties a full and fair hearing. We conclude that the found decree was well within our instructions and within the discretion allowed by section 3.63.

Affirmed.