**Betsy E. COPLIN, Appellant,**

v.

**Gerald R. COPLIN, Appellee.**

**No. 19859.**

Court of Civil Appeals of Texas, Dallas.

Jan. 16, 1979.

Larry S. Parnass, Irving, for appellant.

Gerald R. Coplin, pro se.

Before GUITTARD, C. J., STOREY and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Appellee moves to dismiss the appeal in this divorce case on the ground that appellant is estopped to appeal by acceptance of benefits under the judgment. He also asserts that appellant should be barred from appealing because she has disobeyed certain provisions of the judgment and has failed to present a complete statement of facts. We hold that none of the grounds alleged establishes lack of jurisdiction of the appeal. Consequently, we overrule the motion to dismiss.

The leading case on the question of estoppel to appeal is *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). In that case the court announced the rule that a party who has voluntarily accepted the benefits of a judgment is estopped to appeal from it, but recognized an exception to the effect that an appeal may be taken if a reversal cannot possibly affect the appellant's right to the benefit accepted. The court held that the exception did not apply because the appellant was complaining that the judgment erroneously set aside to the appellee certain real estate as her separate property, but he had accepted offsets for community funds expended on such property. The court pointed out that if on another trial the real estate in question should be found to be community, the appellee would have to restore the amount received by him under the original judgment, which would be less than the remaining community funds.

The court also observed that the right of the appellee to a partition of the real estate might be prejudiced. Thus, it appeared in *Carle* that a reversal and remand on the grounds urged would have affected the appellant's right to the benefits he had accepted.

Since the *Carle* rule may cause harsh results, the courts have avoided its application on various grounds. In some cases the economic circumstances of the appellant were such that acceptance of benefits were not considered voluntary. *Cole v. Cole*, 568 S.W.2d 152 (Tex.Civ.App.—Dallas 1978, no writ); *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex.Civ.App.—Dallas 1977, no writ). Other cases have been held to fall within the exception because the appellant attacked only a part of the judgment, so that a remand on the grounds urged would not affect the appellant's right to the benefits accepted. *Lipshy v. Lipshy*, 525 S.W.2d 222, 224 (Tex.Civ.App.—Dallas 1975, writ dism'd); *Wallace v. Wallace*, 371 S.W.2d 918, 919 (Tex.Civ.App.—San Antonio 1963, writ dism'd).

■ In the present case, appellant attacks the property division on the ground that the share of community property awarded to her is grossly inadequate. She also complains of provisions of the judgment with respect to custody, support, and attorney's fees. Appellee's motion to dismiss alleges that appellant has sold several items of personal property awarded to her by the judgment, has deposited the proceeds in a savings account standing in her name, and has used funds from this account which appellee has reason to believe is "in excess of $1,500." Since he makes no allegations concerning appellant's economic circumstances, we cannot determine whether or not her use of the funds was voluntary. Moreover, examination of the judgment indicates that $1,500 is a relatively small item in proportion to the property allotted to her, as well as that allotted to appellee. Consequently, the motion fails to show that a reversal and remand on the grounds asserted would affect appellant's right to the use of the funds withdrawn from the proceeds of the sale. We conclude that the motion to dismiss is insufficient to establish that appellant is estopped to prosecute this appeal.

■ Appellee also asserts that appellant is barred from prosecuting the appeal because she has failed to obey the judgment of the trial court with respect to delivery of certain personal property and production of certain records. Appellant denies that she has disobeyed any order of the trial court, and asserts that the trial judge has denied appellee's motion seeking relief in that court. Resolution of this issue is a matter for the trial court, not for us to decide in determining our jurisdiction of the appeal.

Another ground of appellee's motion is appellant's failure to present a complete statement of facts, but this, likewise, is a matter that does not affect our jurisdiction.

Motion overruled.