**Sonny SIMS, Appellant,**

v.

**Fred B. JONES, Jr., Appellee.**

**No. 20459.**

Court of Civil Appeals of Texas, Dallas.

Dec. 10, 1980.

Rehearing Denied Jan. 7, 1981.

Blair D. Dishman, Jr., Barnes & Dishman, John E. Rapier, Beecham, Brown, Longenecker, Rapier & Yeager, Dallas, for appellant.

Philip R. Russ, Dallas, for appellee.

Before GUITTARD, C. J., and AKIN and ROBERTSON, JJ.

ROBERTSON, Justice.

This is an action for bill of review brought by Sonny Sims against Fred B. Jones, Jr., attacking an agreed judgment between the parties on the ground of duress. Trial before the court resulted in a judgment for Jones dismissing the bill of review action. Sims here complains of the exclusion of testimony offered to prove his state of mind at the time he agreed to the judgment and also contends that the findings of the court were supported by no evidence or, alternatively, insufficient evidence. We reverse and remand.

Sims argues that the trial court erred in excluding the testimony of Moore, a business associate, to the effect that Sims was under duress at the time the agreed judgment was entered into and subsequent to that time. Counsel for Jones objected to the testimony as "self-serving, irrelevant, immaterial, and no proper predicate laid ...," and the trial court sustained the objection. From a discussion between the court and the attorneys after this objection was made, it appears that the evidence was excluded because the trial court was of the opinion that it was hearsay.

The point of error raised by Sims is that the excluded evidence was admissible under the state-of-mind exception to the hearsay rule. Jones's only reply to this argument is that the trial court "received all the evidence [Sims] attempted to offer that was considered relevant." We agree with Sims that Moore's testimony was admissible to show state of mind and hold that evidence concerning state of mind is relevant on the duress issue. Evidence of declarations that is offered to show the state of mind of the declarant at the time of the declaration is admissible where the state of mind of the declarant is relevant. *Davis v. Argonaut Southwest Insurance Co.*, 464 S.W.2d 102 (Tex.1971); *Melton v. Dallas County Child Welfare Unit*, 602 S.W.2d 119 (Tex.Civ.App. —Dallas 1980, no writ).

The excluded evidence is relevant in this case because it tends to demonstrate that Sims suffered under continuing duress resulting from Jones's threat to criminally prosecute him. It has long been held that threats of criminal prosecution are sufficient to give rise to duress. *Landa v. Obert*, 78 Tex. 33, 14 S.W. 297 (1890). The modern view is that threats of criminal prosecution may give rise to duress even where the party threatened is actually guilty of an offense. *Pierce v. Estate of Haverlah*, 428 S.W.2d 422 (Tex.Civ.App.— Tyler 1968, writ ref'd n.r.e.).

The record in this case clearly shows that the trial court's judgment was based on its conclusions that Sims: (1) negligently accepted the benefits of the judgment, (2) is barred by the doctrine of estoppel, and (3) has ratified the judgment. The general rule is that a litigant cannot treat a judgment as both right and wrong, and if he has *voluntarily* accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. This rule is based on the principle of estoppel, *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950), and applies to proceedings for bill of review as well as appeals. *Biggs v. Biggs*, 553 S.W.2d 207 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd). The rule does not bar an attack on a judgment where the party that has allegedly accepted the benefits of the judgment, or ratified the judgment, did so *involuntarily*. *Cole v. Cole*, 568 S.W.2d 152 (Tex.Civ.App.—Dallas 1978, no writ); *Trevino v. Trevino*, 555 S.W.2d 792 (Tex. Civ.App.—Corpus Christi 1977, no writ); *O'Brien v. Gibbs*, 555 S.W.2d 199 (Tex.Civ. App.—Dallas 1977, no writ); *McCartney v. Mead*, 541 S.W.2d 202 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); *see also* Comment, *Acceptance of Benefits and the Right to Appeal: Divorce*, 31 Baylor L.Rev. 81 (1979). We are of the opinion that the excluded testimony in this case was relevant to the issue of whether Sims voluntarily accepted the benefits of the judgment and ratified the judgment and is therefore estopped from attacking the judgment. Since the evidence of Sims's state of mind is relevant, it comes within the state-of-mind exception to the hearsay rule and it was error for the trial court to exclude the evidence.

We reverse the judgment of the trial court because it erred in excluding the evidence and therefore we do not reach Sims's other points of error.

Reversed and remanded.