Eloise GONZALEZ

v.

Joe A. GONZALEZ.

No. 5579.

Court of Civil Appeals of Texas, Eastland.

March 26, 1981.

Rehearing Denied April 16, 1981.

Jackson Speed, San Antonio, for appellant.

James E. Monnig and Dan L. Carabin, Carabin, Monnig & Clowe, San Antonio, for appellee.

DICKENSON, Justice.

This is a divorce case in which the wife, Eloise Gonzalez, appeals the trial court's division of property. The husband, Joe A. Gonzalez, filed a motion to dismiss her appeal because she voluntarily accepted the benefits of the decree of divorce. The motion to dismiss is overruled, and the decree of divorce is affirmed.

On the preliminary question of whether the wife's appeal is barred by her acceptance of benefits, the general rule was stated by Chief Justice Hickman in *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, at 1004 (1950), as follows:

A litigant cannot treat a judgment as both right and wrong, and if he has *voluntarily* accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom. (Emphasis added)

See also *Garner v. Garner*, 567 S.W.2d 281 (Tex.Civ.App.—Eastland 1978, no writ); *Trader v. Trader*, 531 S.W.2d 189 (Tex.Civ. App.—San Antonio 1975, writ dism'd).

*Carle* has been interpreted as meaning that if financial duress compels an *involuntary* acceptance of the judgment's benefits, the appeal can nonetheless be prosecuted. See, e. g., *Blaylock v. Blaylock*, 603 S.W.2d 254 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Coplin v. Coplin*, 579 S.W.2d 278 (Tex.Civ.App.—Dallas 1979, no writ); *McCartney v. Mead*, 541 S.W.2d 202 (Tex. Civ.App.—Houston [1st Dist.] 1976, no writ).

The wife's affidavit dated March 19, 1981, shows that the husband has not discharged his burden of showing that her acceptance of benefits was voluntary. Rather, her affidavit discloses an involuntary acceptance of benefits because of financial duress. Omitting the formal portions, the substance of her affidavit is quoted in footnote 1.[1]

---

1. My name is Eloise Gonzalez. I am the appellant in case no. 5579, presently pending in the Court of Civil Appeals—Eleventh Supreme Judicial District. Prior to the hearing on my divorce case my husband refused to give me any money for living expenses. On the day of my divorce I had no cash money whatsoever. At that time I also owed the hospital $298.00, owed on charge accounts $192.00, and owed my son $200.00. I owed my $200.00 because I had to borrow it from him to buy gasoline for my car and food. I had no source of income other than my husband and there was no food in the house.

Some time after we had the divorce hearing I sold the automobile that I was driving. I did this because I was desperate for money. My husband was sending me $350.00 per month as set out in the divorce decree, but this was the amount of the monthly car payment. Although the divorce decree calls the $350.00 per month payments alimony, they were in fact just to pay the car note. When I sold the car I cleared $4,900.00 which applied to the purchase of another smaller and cheaper car so that I could afford gasoline for it and make smaller payments.

The only other assets that I have are some jewelry. I sold one bracelet for $300.00. The rest of the jewelry that I have is worth about $4,000.00. This is the price that a reputable jeweler offered to pay me for it. I have used this jewelry as collateral in order to borrow money to meet my living expenses.

After the divorce hearing I moved back to my home town in Eagle Pass. It cost me $300.00 to make the move and the apartment that I rent costs $185.00 per month. I started actively looking for a job but could not find one. It was 7 months after the divorce hearing that I found a job. I worked in a hospital and was paid $2.41 per hour. I cleared $211.00 every two weeks. I lost that job because of budget cut

Moving to the merits of the appeal, the record shows that a handwritten agreement was executed by the parties on October 4, 1979, which set forth their agreed division of property. The decree of divorce is dated October 26, 1979, and it approved the property settlement agreement and incorporated it by reference.

The wife has briefed only two points of error. Both have been considered and overruled.

Point one argues that the district court erred in entering a judgment when there was no evidence that a judgment had been previously rendered. A judgment is rendered when the decision is officially announced, either orally in open court or by a memorandum filed with the clerk. See *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.1970). The transcript contains a memorandum showing that a judgment of divorce was rendered on October 4, 1979.

Point two argues that the district court erred in entering an "agreed" decree of divorce containing provisions for property division when the wife had repudiated the settlement. In overruling this point, we hold that the judgment was based upon a binding agreement. It was not an "agreed judgment" within the rule stated by *Burnaman v. Heaton*, 150 Tex. 333, 240 S.W.2d 288 (1951). See 4 McDonald, Texas Civil Practice § 17.22 (Rev.1971). It was, rather, a final judgment based upon a written settlement agreement signed by the parties, and the property division was in literal compliance with that agreement, as required by the rule stated in *Vickrey v. American Youth Camps, Inc.*, 532 S.W.2d 292 (Tex. 1976).

The decree of divorce is affirmed.

backs one month ago. I am presently behind on my rent. I have been destitute since before the divorce hearing and after. My husband refused to give me any money to live on and I have had to sell the things I own or use them as collateral to borrow funds to live on.