Affirmed and Memorandum Opinion filed April 7, 2009








Affirmed
and Memorandum Opinion filed April 7, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00695-CV

____________

 

SHARON FOUNTAIN MALLIA and CHARLES CHRISTOPHER MALLIA, Appellants

 

V.

 

SHARON BIERING MALLIA, Appellee

 



 

On Appeal from the Probate Court No. 1

Harris County,
Texas

Trial Court Cause
No. 366624-401

 



 

M E M O R
A N D U M   O P I N I O N

Sharon
Fountain Mallia and her son, Charles Christopher Mallia, appeal the trial court=s judgment, signed July 26, 2007. 
Appellants raise three issues, challenging the trial court=s rulings or failure to rule on
certain motions, the transfer of a district court case to probate court,
reducing to judgment a mediated settlement agreement, and the denial of
appellants= due process rights.  We affirm.








Appellant,
Sharon Fountain Mallia, is the former wife of Charles Benjamin Mallia, Jr., now
deceased.  Appellant, Charles Christopher Mallia, is the only son of the
decedent.  Appellee, Sharon Biering Mallia, was the second wife of the
decedent.  After the death of Charles Benjamin Mallia, appellants filed suit
against appellee in district court for tortious interference with expectancy
and intentional infliction of emotional distress.  Thereafter, appellee
submitted the decedent=s will to probate.  On March 30, 2007, appellee and Anna
Charae Mallia filed a motion to transfer the district court case to the probate
court pursuant to section 5B of the Texas Probate Code.  Appellants objected,
but the trial court granted the motion on April 19, 2007, after holding a
hearing.  Appellants filed a no-evidence motion for summary judgment in May
2007, which the trial court denied.  The parties went to mediation in June
2007, and thereafter signed a handwritten settlement agreement. 

Appellee
subsequently filed a motion to render judgment on the mediated settlement
agreement.  Appellants filed an objection and the trial court held a hearing. 
The trial court granted appellee=s motion and signed the judgment. 

Before
turning to appellants= issues, we address appellee=s Areply point@ that  appellants may not complain
about the judgment because appellants agreed to the settlement agreement and
accepted benefits under the judgment in the form of $4000.  Appellants respond
that there is no factual or legal support for this assertion.[1] 


A party
that accepts benefits of a judgment is estopped from challenging the judgment
by appeal.  See Texas State Bank v. Amaro, 87 S.W.3d 538, 543 (Tex.
2002).  The burden is on appellee to prove that appellants are estopped by the
acceptance of benefits doctrine.  See Gonzalez v. Gonzalez, 614 S.W.2d
203, 204 (Tex. App.CEastland 1981, writ dism=d).  Appellee has not met her burden
of proving that appellants accepted benefits.  Nothing in the record shows that
appellants have accepted benefits under the judgment.  Accordingly, we find no
merit in appellee=s claim.








Before
turning to appellants= issues, however, we must determine whether appellants are
estopped to raise these issues on another basis.  The record reveals that the
parties in this case signed a handwritten settlement agreement.  When appellee
filed a motion to render judgment, appellants filed an objection.  In this
objection, appellants claimed paragraphs 2B5 the proposed judgment did not
accurately reflect the mediated settlement agreement and included a release to
which the parties had not agreed.  On appeal, appellant claims the handwritten
settlement agreement was merely a Askeleton@ agreement that appellee had
unilaterally modified and which contained an ambiguous waiver.  However, a
judgment entered on the agreement of the parties cures all non-jurisdictional
defects.  Mailhot v. Mailhot, 124 S.W.3d 775, 777 (Tex. App.CHouston [1st Dist.] 2003, no pet.). 
Accordingly, we find that neither of these objections constitutes a revocation
of consent to the settlement agreement.

A
settlement agreement may be revoked at any time before the court renders an
agreed judgment by filing a revocation of consent.  Samples Exterminators v.
Samples, 640 S.W.2d 873, 874B75 (Tex. 1982); Stein v. Stein,
868 S.W.2d 902, 903 (Tex. App.CHouston [14th Dist.] 1994, no writ).  Although appellants
raised objections to the judgment, appellants never stated they were revoking
their consent to the settlement agreement.  Furthermore, appellants have not
shown that consent was effectively revoked by showing that the judgment does
not comport with the parties= agreement. 








A review
of the paragraphs of the judgment appellants challenged in their objection to
the entry of judgment shows that these paragraphs are almost exact duplicates
of the terms of the handwritten settlement agreement.  Paragraph 2 in the
judgment states that the parties shall enter a joint motion for nonsuit
regarding all claims advanced in this lawsuit.  Paragraph 2 of the settlement
agreement states that plaintiffs (appellants) agree to dismiss with prejudice
their cause of action contesting the last will and testament of Charles B.
Mallia, Jr.  Paragraph 3 of judgment states that the plaintiffs are prohibited
from contesting or interfering with the appointment of defendant (appellee) as
Independent Executrix and Administrator of the Estate of Charles Benjamin
Mallia, Jr.  Paragraph 2 of the settlement agreement also states APlaintiffs will not contest the
appointment of Sharon Biering Mallia as Independent Executrix and Administrator
in this Estate.@  Paragraph 4 of the judgment states that, after appointment
of defendant as Independent Executrix and Administrator of the Estate of Charles
B. Mallia, Jr., defendant shall transfer by general warranty deed a 13%
interest in the real property located at 11430 Riverview Drive, Houston, Texas
77077, to Charles Christopher Mallia.  Paragraph 1 of the settlement agreement
states in part: AIn addition, the aforementioned Defendant agrees to transfer
by a General Warranty Deed, subject to the following provision of this
Agreement a 13% interest in the real property located at 11430 Riverview Drive,
Houston, Texas 77077.@ 

Appellants
also complained that the judgment contained an ambiguous waiver that did not
reflect the parties= agreement.  However, appellants admit that they agreed to
the  Paragraph 3 waiver.  In the objection, appellants complained that, despite
their agreement to this section, they now find it to be ambiguous.  They
further claim Paragraph 5 of the judgment does not reflect the parties= agreement.  Paragraph 5 of the
judgment states:  AThe Plaintiffs are prohibited from raising any claims, causes
of action or lawsuits they may potentially have as a result of their
relationship to Charles Benjamin Mallia, Jr.@  The corresponding paragraph in the
settlement agreement provides that appellants agreed to Awaive and/or give up any claims,
causes of action or lawsuits they may potentially have as a result of their
relationship to Charles B. Mallia, Jr.@  Notably, appellants do not state
they are revoking their consent to this provision of the settlement agreement. 
Instead, they claim they did not agree to such a global waiver.  The settlement
agreement belies that argument.








Because
appellants did not revoke consent to the settlement agreement before the trial
court rendered judgment, and appellants= objections do not indicate a
revocation of consent, we find that appellants are estopped to raise complaints
about the judgment on any alleged non-jurisdictional defects.  Appellants have
not raised any jurisdictional complaints.  Accordingly, we hold that appellants
are estopped from raising the issues set forth in their brief.

Accordingly,
we affirm the judgment of the trial court.

 

 

 

/s/        Leslie Brock Yates

Justice

 

Panel consists of Justices Yates,
Seymore, and Boyce.  

 









[1]  Appellants do not assert they have not accepted
benefits from the judgment.  However, we may not rely on this omission because
it is appellee=s burden to prove they have accepted benefits.  See
Gonzalez v. Gonzalez, 614 S.W.2d 203, 204 (Tex. Civ. App.BEastland 1981, writ dism=d).