**Jerome Wayne BLAYLOCK, Appellant,**

v.

**Lynda Kay BLAYLOCK, Appellee.**

**No. A2310.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 25, 1980.

Toby C. Bonds, Cleveland, for appellant.

William De La Garza, Gay, De La Garza & Roscoe, Houston, for appellee.

Before BROWN, C. J., and PAUL PRESSLER and MILLER, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a judgment granting a divorce in which attorney's fees were awarded.

Lynda Kay Blaylock, appellee, filed for divorce against Jerome Wayne Blaylock, appellant, seeking the divorce, managing conservatorship of the minor child, child support and a division of the property. In response to special issues, the jury found that appellee should be appointed managing conservator; that legal services were rendered by appellee's attorney; and that such services were necessary. The final decree, among other things, made a division of community property, part of which was an order to appellant to pay $7,500.00 of appellee's attorney's fees to appellee's attorney. Appellant appeals only from the award of attorney's fees.

Appellee has filed a motion to dismiss appellant's appeal. In this motion, and in her brief, appellee argues that appellant is estopped from attacking the judgment because he accepted and used a large portion of the benefits received under the judgment. The Supreme Court has held that a "litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterward prosecute an appeal therefrom." *Carle v. Carle*, 234 S.W.2d 1002, 1004 (Tex.Sup.1950). It does not appear that appellant's actions fit within one of the narrow exceptions to this rule; that is, the acceptance of benefits due to financial duress or where the reversal of judgment cannot possibly affect appellant's right to the benefits accepted. In the instant case, there is no evidence of financial duress, and if reversed and remanded, a redivision of the property would be required, which would jeopardize appellant's right to benefits already accepted.

While there appears to be merit to appellee's motion we do not reach it since we hold that there is sufficient evidence to affirm the award of attorney's fees on the merits. Appellant complains that the trial court abused its discretion in awarding attorney's fees because the jury failed to award such fees. This point is not well taken. All too often courts routinely award attorney's fees in cases in which substantial property rights are involved. Instead, we would rather allow both parties their respective property settlements and let each pay its own attorney's fees. However, we recognize that the law is settled that the award of attorney's fees is within the discretion of the trial court in making an equitable division of property under Tex. Fam.Code Ann. § 3.63 (Vernon 1975). *Trevino v. Trevino*, 555 S.W.2d 792 (Tex.Civ. App.–Corpus Christi 1977, no writ).

We find no abuse of discretion in the trial court's action. Appellant's point of error is overruled. The judgment of the trial court is affirmed.

Affirmed.