Richard L. DESKUS, Appellant,

v.

Anne DESKUS, Appellee.

No. 8896.

Court of Civil Appeals of Texas, Texarkana.

March 10, 1981.

Jim Ammerman, II, Ammerman & Ammerman, Marshall, for appellant.

Ernest F. Smith, Marshall, for appellee.

BLEIL, Justice.

This is a divorce case. An appeal is taken from that part of the judgment which divides the property of the parties.

Anne Deskus filed for divorce against Richard Deskus. The trial court judgment granted the divorce, entered orders affecting conservatorship and support, and made a division of the property. The trial was to the court and the decree of divorce was signed on June 20, 1980. That same day, the parties accepted and carried out some of the orders made by the court with respect to the property division. Anne Deskus deeded to Richard Deskus 33⅓ acres of land awarded to him by the court. Richard Deskus deeded to Anne Deskus 10 acres of land which had been set aside to her. Both parties promptly recorded the deeds given to them. Anne Deskus paid Richard Deskus the sum of $10,000.00 which he was awarded in the property division. These monies were taken from the proceeds of three certificates of deposit that had been awarded to Anne Deskus and the monies remaining from the cashing of the certificates of deposit in excess of the $10,000.00 were paid to Anne Deskus.

The single point of error raised by appellant is that the trial court abused its discretion in dividing the property of the parties. Appellee raises as a counter-point that the acceptance of parts of the property division by Richard Deskus prevents him from complaining that the property division was erroneous.

▮ Appellee argues that appellant is estopped from attacking the judgment because he accepted and has used a large part of the benefits awarded him in the judgment. Our Supreme Court has held that a party cannot treat a judgment as both right and wrong, and once having accepted the benefits of a judgment, he then cannot prosecute an appeal therefrom. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). As a rule, one may not accept a part of the property division made in divorce proceedings and complain of the action of the trial court with respect to the remaining portion of the property. *Trader v. Trader*, 531 S.W.2d 189 (Tex.Civ.App.—San Antonio 1975, writ dism'd). See also *Blaylock v. Blaylock*, 603 S.W.2d 254 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Garner v. Garner*, 567 S.W.2d 281 (Tex.Civ.App.—Eastland 1978, no writ). This case fits squarely within the rule and it does not appear that the narrow exceptions are applicable. There is no evidence that Richard Deskus' acceptance of benefits was due to financial duress. Neither does it appear that, if this case were reversed and remanded, a re-division of the property would not affect appellant's right to the benefits already accepted.

We agree with appellee, Anne Deskus, that appellant is barred from successful prosecution of this appeal because of his acceptance of parts of the property awarded him in the decree of divorce.

▮ Appellant complains that the trial court abused its discretion in dividing the property in a manner which is manifestly unjust. We find no abuse of discretion in the trial court's action. In this case there was extensive evidence that most of the property awarded to Anne Deskus was her separate property. Appellant said that the property had been commingled with the community estate and that appellee failed to overcome the presumption that all of the

**592**

property was community. Tex.Family Code Ann. § 5.02. Since no findings of fact were requested by either party or filed by the trial court, we look to see whether there is evidence which supports implied findings of fact favoring the judgment on any legal theory. *Lassiter v. Bliss*, 559 S.W.2d 353 (Tex.1977); *Buchanan v. Byrd*, 519 S.W.2d 841 (Tex.1975). The trial court by implication finds facts in support of its judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). There is substantial evidence in support of the findings implicit in the judgment and the judgment will be upheld.

The judgment is affirmed.