**George Edward BLAZEK, Appellant,**

v.

**Sharon Sue BLAZEK, Appellee.**

No. A14–82–795CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 26, 1984.

Opinion on No Remittitur
March 15, 1984.

Bill Payne, Lawrence, Thornton, Payne, Watson & Kling, Bryan, for appellant.

Fred Davis, Davis, Stacey, Lohmeyer & Davis, Bryan, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

OPINION

CANNON, Justice.

This is an appeal from an award of child support. Appellant raises six points of error contending that the trial court abused its discretion, and that certain findings of fact are not supported by the evidence. We reform and affirm conditioned on the timely filing of the remittitur suggested herein.

Appellant, George Edward Blazek, and appellee Sharon Sue Blazek, were married

in 1974. Before marriage, Sharon did bookkeeping for Central Texas Hardware, Inc. At that time, appellant owned a one-half interest in Central Texas Hardware, Inc. The Blazeks lived in Bryan on Leisure Lake in a house acquired by appellant prior to their marriage. Appellant and appellee separated in October of 1980 and were divorced August 16, 1982. The Blazeks' two children, Melissa and Leigh Ann, were seven and four years old respectively at the time of divorce. Appellant was allowed to retain possession of the house, but was ordered to pay appellee a lump sum of $55,000.00 cash and $1,850.00 per month in child support. This appeal is from that part of the divorce decree ordering child support.

In his first point of error, appellant argues that the trial court abused its discretion in ordering him to pay child support of $1,850.00 per month. We agree.

■ The best interest of the child shall always be the primary consideration of the court in determining child support. In determining the best interest of the child the court shall consider the circumstances of the parents. Tex.Fam.Code Ann. § 14.07 (Vernon 1975).

■ The primary "circumstances" to be considered in determining the amount of child support are the ability of the parent or parents to pay, and the needs of the child. *Cozby v. Cozby*, 597 S.W.2d 808 (Tex.Civ.App.—Tyler 1980, no writ).

■ Appellee claimed a need of $2902.00 per month to support Melissa and Leigh Ann. Appellee admitted, however, that she failed to exclude all of her own personal expenses incurred during the six months preceding the divorce. Appellee further testified that she has on occasion been an extravagant spender; that she was earning $780.00 per month and had no other source of income; that she could obtain other employment to earn an additional $1,000.00 per month; and, that Melissa had a learning disability requiring continuous psychological counseling.

Patricia Tollison, the psychologist who had been treating Melissa, testified that Melissa needed counseling four times per week and that said counseling should continue for at least one year. The cost to treat Melissa's learning disability was estimated at $220.00 per month.

Under cross-examination by appellant's counsel, appellee testified that in 1981 the Blazeks' household expenses exceeded $2,000.00 per month only three times; that in one month expenses were as low as $1,092.00; that only since the beginning of 1982 had expenses exceeded $2,000 per month on a regular basis; and, that the increase in expenses was due partially to her extravagant spending.

The record reveals that appellant's income after taxes ranged from $21,527.16 to $43,237.98 from 1977 through 1981. His net worth was shown to be around $419,-402.00, essentially in real estate and savings. His gross income for 1982 was projected at $38,000.00. Appellant has had back surgery and continues to experience numbness in his legs. A neck problem causes appellant to have a nervous shake and requires him to take medication every month. Appellant was 48 at the time of divorce. In view of his physical disabilities and age, appellant does not appear to be highly employable. It would be neither prudent nor in the best interest of the children to require appellant to unnecessarily deplete the corpus of his main sources of income. This case is fraught with potential for changes in circumstances. However, we are not at liberty to speculate about those changes and the child support order should not compensate appellee now for those possibilities.

After reviewing the entire record, we conclude that the amount of child support is excessive in the amount of $650.00. We suggest that appellee file a remittitur on or before February 13, 1984. Upon the condition that appellee agrees to a reduction in future child support payments from $1,850.00 per month to $1,200.00 per month, we accordingly reform and affirm the trial court's judgment. In the event

that no remittitur is filed, having found that the trial court abused its discretion in determining child support, we will reverse and remand the judgment of the trial court. Tex.R.Civ.P. 440; *Fleming v. Fleming*, 595 S.W.2d 199, 202 (Tex.Civ.App.—Waco 1980, writ dism'd w.o.j.). Appellant's first point of error is sustained.

In view of our disposition of the first point of error, we need not consider the remaining points.

The judgment of the trial court is reformed and affirmed on condition of remittitur.

### ON NO FILING OF REMITTITUR

On January 26, 1984, we held that if appellee filed a remittitur, the judgment should be reformed and affirmed.

However, the suggested remittitur has not been filed. Therefore, the judgment of the trial court is reversed and the cause is remanded for a new trial on the issue of child support.