**Jerald ABRAMS, Appellant,**

v.

**Maria ABRAMS, Appellee.**

No. 13–86–095–CV.

Court of Appeals of Texas,
Corpus Christi.

June 26, 1986.

J. Ken Nunley, Dodson, Nunley & Taylor, Hondo, for appellant.

Joaquin L. Rodriguez, Cynthia L. Muniz, Eagle Pass, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

---

## OPINION

UTTER, Justice.

This is an appeal from a divorce decree dissolving the marriage of appellee and appellant. Appellant has limited his appeal to issues regarding the amount of child support ordered by the trial court and an award of attorney's fees. We reform the judgment of the trial court, and as reformed, affirm.

The parties were divorced on June 6, 1985. Support orders were entered regarding their three minor children. The trial court ordered that appellant pay child support of $500.00 per month per child, increased to $600.00 per month per child when the first child reaches age eighteen or is otherwise emancipated, and further increased to $800.00 per month for the youngest child until he reaches age eighteen or is otherwise emancipated.

By his first two points of error, appellant challenges the legal and factual sufficiency of the evidence to support the trial court's child support order of $500.00 per child. In considering a "no evidence" or "insufficient evidence" point of error, we will follow the well-established test set forth in *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex. 1985); *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965); *Allied Finance Co. v. Garza*, 626 S.W.2d 120 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 Texas L.Rev. 361 (1960).

The primary factors to be considered by the trial court in determining the amount of child support are the ability of the parent or parents to pay, and the needs of the child. *Blazek v. Blazek*, 669 S.W.2d 347 (Tex.App.—Houston [14th Dist.] 1984, no writ). The best interest of the child is of paramount importance. *Id.* at 348. The trial court has wide discretion in setting an amount as child support and its decision will not be disturbed on appeal absent a clear abuse of discretion. *Havis*

*v. Havis*, 657 S.W.2d 921 (Tex.App.—Corpus Christi 1983, writ dism'd).

Appellee testified that she earns a gross salary of approximately $17,000.00 per year. She further testified that her total household expenses are approximately $3,000.00 per month. Appellant is an attorney in solo practice in San Antonio. The testimony concerning appellant's income conflicted. Appellee testified that "when Jerry [appellant] and I were living in the same house he would bring home at least $3,000.00 a month...." Federal income tax returns indicated that appellant had an adjusted gross income of approximately $28,000.00 in 1982 and approximately $36,000.00 in 1983. From what we can tell from the record, appellee worked as a homemaker during 1982 and 1983 and did not have an income. Appellant admitted that 1984 was "the best year I ever had." An unaudited income statement for the period January 1984, through January 1985, was admitted into evidence. This income statement was prepared by a certified public accountant from information supplied by appellant. Although the statement covers a period of thirteen months rather than twelve months, it reflects an income of nearly $62,000.00 after the deduction of business expenses.

In September of 1981, appellant was involved in a bicycle accident in which he suffered a serious head injury. While appellant was in the hospital recovering, the law partnership he had with two other attorneys was dissolved. After several months in and out of hospitals, appellant returned to the practice of law and opened his own office in January of 1982. The evidence presented as to appellant's income for the years 1982, 1983, and 1984, support a reasonable deduction that appellant's income is rising due to the development of his law practice. Considering that the health insurance is paid by appellee, the award of child support is within the Child Support Guidelines set by the Texas Supreme Court, promulgated May 19, 1986 (effective June 1, 1986). We find no abuse of discretion in setting the child support at

$500.00 per month per child. Appellant's first and second points of error are overruled.

■ By his third and fourth points of error, appellant contends that the trial court erred in entering a child support order which provides for periodic increases in the amount of child support which he is obligated to pay. Appellant contends that "[t]here must be some material change in the conditions of the parties and a trial court cannot anticipate such changes." We agree. Any increase in child support must be supported by evidence that the circumstances of the child or a person affected by the order have materially and substantially changed since the entry of the order. TEX.FAM.CODE ANN. § 14.08(c)(2) (Vernon Supp.1986). In order to increase child support, the trial court should examine the circumstances of the child and the parents at the time the prior decree was rendered in relation to circumstances existing when the modification is sought. *Bergerac v. Maloney,* 556 S.W.2d 586 (Tex.Civ.App.— Dallas 1977, writ dism'd). Although each case must stand on its own facts, and the trial court has wide discretion in determining the amount of child support payments, the determination of that amount must be supported by evidence that the children's needs are as much as the amounts specified in the order. *See Blazek v. Blazek,* 669 S.W.2d at 348; *Holmes v. Tibbs,* 542 S.W.2d 487 (Tex.Civ.App.—Corpus Christi 1976, no writ).

The only evidence in the record which goes to the future needs of any of the children is testimony given by appellee. She testified that "Jenny [the second oldest child] needs braces and dental work and it's going to be expensive." She further testified that such dental work would cost approximately $3,000.00. There is no testimony as to when the dental work would begin. It could be that Jenny's dental work could be commenced and completed before the first child attained the age of eighteen or was otherwise emancipated. If so, then under the record before us, the need for any increases in child support would be obviated. Any child support order which anticipates the future needs of children and incorporates such anticipated needs into periodic increases in child support payments must be based upon legally sufficient evidence, specific as to not only the amounts of any needed increases but also as to the times such increases are needed. The record before us presents no such evidence. The child support order requiring appellant to increase child support payments periodically is arbitrary, unreasonable, and not based upon the facts. We find that, under the law in effect at the time of its decision, the trial court abused its discretion in ordering such periodic increases. We recognize that in the future such matters will be governed by the Supreme Court's Child Support Guidelines and that the trial court may fashion a child support order providing for periodic increases consistent with the *percentage* guidelines set forth by our Supreme Court. Appellant's third and fourth points of error are sustained. The judgment of the trial court is REFORMED to delete those provisions ordering periodic increases in child support.

■ By his fifth and final point of error, appellant contends that it was error to unconditionally award appellee attorney's fees on appeal. Appellant argues that the trial court should have conditioned the recovery of attorney's fees by appellee upon whether or not his appeal was successful. In a divorce, the trial court may award either spouse his or her attorney's fees as part of the "just and fair" division of the community estate. *Murff v. Murff,* 615 S.W.2d 696 (Tex.1981); *Austin v. Austin,* 619 S.W.2d 290 (Tex.Civ.App.—Austin 1981, no writ); *but see Jacobs v. Jacobs,* 669 S.W.2d 759 (Tex.App.—Houston [14th Dist.] 1984), *aff'd in part, rev'd in part, and remanded on other grounds,* 687 S.W.2d 731 (Tex.1985). In addition, the trial court may award attorney's fees as costs in any suit affecting the parent-child relationship pursuant to TEX.FAM.CODE ANN. § 11.18(a) (Vernon Supp.1986). *See Rodriguez v. Rodriguez,* 616 S.W.2d 383 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). In the present situation, the trial

court could have based the award of attorney's fees either under the division of community property or as a result of a suit affecting the parent-child relationship and not have abused its discretion. Appellant's fifth point of error is overruled.

■ By cross-point, appellee urges us to dismiss the appeal, arguing that "[a]ppellant should not be permitted to prosecute this appeal because he has accepted the benefits under the judgment." Appellee cites the case of *Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950), where the Supreme Court reaffirmed a "universally recognized" rule that "[a] litigant cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterwards prosecute an appeal therefrom." *Id.* 234 S.W.2d at 1004. She argues that *Carle* mandates a dismissal of the appeal because, if this Court was to reduce appellant's child support obligation, she could possibly be entitled to a greater portion of the community estate, and thus, it would be necessary to remand for a redivision of the community estate. The judgment of the trial court is being reformed, and therefore, no remand is necessary. The reformation of the judgment as to future child support could not adversely affect the appellee insofar as the trial court's present disposition of the community property. Our reformation of the judgment does not affect the trial court's present support orders. The trial court has determined that $500.00 per month per child is sufficient to support the needs of the children at the present time. The trial court also held that appellant has the ability to pay the support ordered. We have upheld both of these findings. Appellee is entitled to no more.

The cases relying on the *Carle* rule cited by appellee, as well as those we have found, all deal with appeals of property divisions.[1] In the case before us, appellant seeks review of the child support orders,

not the property division. Appellee's argument that the trial court *can* consider the amount of child support in fashioning the property division does not require a remand. The amount of child support is merely *one factor* which can be considered in the trial court's property division orders.

Appellee also argues that the appeal as to the award of attorney's fees on appeal should also be dismissed for the same reasons. Although a trial court can consider the award of attorney's fees as a *factor* in arriving at a just and right division of the property, *Gendebien v. Gendebien,* 668 S.W.2d 905 (Tex.App.—Houston [14th Dist.] 1984, no writ), an award of attorney's fees to a spouse is not, without more, a *division* of the property. In any event, we have upheld the award of attorney's fees and therefore do not need to address the merits of this portion of appellee's cross-point. *See Blaylock v. Blaylock,* 603 S.W.2d 254 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ). Appellee's cross-point is otherwise overruled.

The judgment of the trial court is RE-FORMED, and as REFORMED is AFFIRMED.

---

1. *See Carle v. Carle,* 149 Tex. 469, 234 S.W.2d 1002 (1950); *Deskus v. Deskus,* 614 S.W.2d 590 (Tex.Civ.App.—Texarkana 1981, no writ); *Gonzalez v. Gonzalez,* 614 S.W.2d 203 (Tex.Civ.App.—Eastland 1981, writ dism'd); *Vinklarek v. Vinklarek,* 596 S.W.2d 197 (Tex.Civ.App.—Hous-ton [1st Dist.] 1980, writ dism'd); *Haggard v. Haggard,* 550 S.W.2d 374 (Tex.Civ.App.—Dallas 1977, no writ); *Roye v. Roye,* 531 S.W.2d 242 (Tex.Civ.App.—Tyler 1975, no writ); *Trader v. Trader,* 531 S.W.2d 189 (Tex.Civ.App.—San Antonio 1975, writ dism'd).