Jeri **KOLPACK**, Trustee of the Greg Alan Stelfox Trust, Appellant,

v.

Patricia **TORRES**, Appellee.

No. 13–91–312–CV.

Court of Appeals of Texas, Corpus Christi.

April 30, 1992.

Rehearing Overruled May 25, 1992.

M.W. Meredith, Jr., Caroline Bertuzzi, Corpus Christi, for appellant.

Scott Cook, William A. Dudley, Corpus Christi, for appellee.

Before KENNEDY, SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from a suit affecting a parent-child relationship. The trial court established paternity of a minor child and ordered that the father, Gregory Alan Stelfox, and appellant, the trustee of the Gregory Alan Stelfox Trust, pay child support. We reverse.

Patricia Torres, appellee, in her claim for child support, joined the trustee of the Gregory Alan Stelfox Trust, Jeri Kolpack, appellant, because the father of the child at issue was the beneficiary under this irrevocable discretionary trust. The trial court obligated appellant as trustee of the Gregory Stelfox Trust, to pay to Torres directly $348 per month in child support from the trust's income or accumulated income. The trial court also ordered the father, Gregory Alan Stelfox, to pay $105 per month in child support. The father does not appeal from his order to pay child support. The trustee, however, appeals from the trial court's order obligating the discretionary trust to pay child support.

■■■ The primary factors that are considered when determining the amount of child support are the ability of the parent or parents to pay, and the needs of the child. *Abrams v. Abrams,* 713 S.W.2d 195, 196 (Tex.App.—Corpus Christi 1986, no writ). The best interest of the child is of paramount importance. *Id.* The trial court has wide discretion in setting an amount as child support and its decision will not be disturbed on appeal absent an abuse of discretion. *Id.*

The trial court filed Findings of Fact and Conclusions of Law. The pertinent trial court findings of fact are:

13. The amount of child support payments per month that is computed if § 14.055 of the Texas Family Code is applied with respect to Gregory Alan Stelfox is $105.00 per month.

14. The amount of child support payments per month that is computed if § 14.055, of the Texas Family Code, is applied with respect to the Gregory Alan Stelfox Trust and its income and accumulated income is $348.00 per month.

The pertinent trial court conclusions of law are:

4. Gregory Alan Stelfox is obligated to pay and shall pay to Patricia Ann Torres child support of $105.00 per month, ...

5. Jeri Kolpack, Trustee of the Gregory Alan Stelfox Trust, is obligated to pay and shall pay directly to Patricia Ann

Torres child support of $348.00 per month payable out of income or accumulated income only,....

■ Under a discretionary trust, the beneficiary is entitled only to the income or principal that the trustee, in her discretion, shall distribute to him. G. Bogert, The Law of Trusts and Trustees § 228 (2d ed. 1979). The beneficiary of a discretionary trust cannot compel the trustee to pay him or to apply for his use any part of the trust property, nor can a creditor of the beneficiary reach any part of the trust property until it is distributed to the beneficiary. *Id.*

■ By points of error one and two, appellant contends that the trial court erred when it obligated the trustee of the Gregory Alan Stelfox discretionary trust to pay child support directly to Torres when the trust had no duty to support the child. The issue we address is whether a trial court may obligate a trustee of a discretionary trust to make disbursements of trust income directly to a child support obligee without imposing that obligation upon the beneficiary-parent.

Both parties agree that the statute invoked by this question is Texas Family Code, Section 14.05(c), which provides:

> The court may order the trustees of a spendthrift or other trust to make disbursements for the support of the child to the extent the trustees are required to make payments to a beneficiary who is required to make support payments under this section. If disbursement of the assets of the trust is discretionary in the trustees, the court may order payments for the benefit of the child from the income of the trust, but not from the principal.

Additionally, both parties acknowledge that *In re Marriage of Long*, 542 S.W.2d 712 (Tex.Civ.App.—Texarkana 1976, no writ), addresses the issue presented to us. In *Long*, the child support obligee, appealed the portion of the trial court's order by which the trustees of the discretionary

Charles E. Long Trust were ordered to pay to her directly $200 per month for the benefit of the minor child, Barbara Long, without obligating Charles for the $200 amount. The appellant, in *Long*, was concerned that this portion of the court's order would be unenforceable if ever the trustees of the discretionary trust refused to pay, or upon termination of the trust in three years, when Charles Long would be thirty years old and the minor child would be seven years old. The appellant, in *Long*, argued that the trustees in the case were not, as the statute states, "required to make payments to a beneficiary who is required to make support payments under this section." The appellant in *Long* was concerned that because Charles Long was not required to make the child support payments in his individual capacity that Section 14.05(c) did not apply.

The *Long* court noted that while Texas Family Code, Section 4.02, states that each spouse has the duty to support his or her minor children, Section 14.05(c) does not address a duty to support.[1] Rather, Section 14.05(c) states that trustees may be ordered to pay child support to the extent they are required to make payments to a beneficiary who is required to make support payments under this section. The *Long* court concluded, when interpreting Section 14.05(c), that the trial court must first order the trust beneficiary-parent to make the child support payment or payments, after which it may then order the trustees to make disbursements for the support of the child. *Id.* at 719; (cited with approval in *Robinson v. Robinson*, 694 S.W.2d 569, 572 (Tex.App.—Corpus Christi 1985, no writ)).

Appellee argues that other similar social policies established by the Texas Legislature including garnishment, and wage withholding, provide for retention of sums otherwise due a child support obligor in favor of direct payment to a child support obligee. *See* Tex.Civ.Prac. & Rem.Code Ann. § 63.001 (Vernon 1986); Tex.Fam.Code

---

1. Section 4.02 was amended in 1989 and now provides that each parent has the duty to support his or her child.

Ann. § 14.43 (Vernon Supp.1992). Appellee suggests that these other provisions are similar to Texas Family Code, Section 14.-05(c) in that they create a guarantee that funds otherwise available to a support obligor will be properly remitted to the support obligee as child support. Thus, appellee asserts, the children of this State are afforded some measure of protection from unscrupulous or irresponsible parents who refuse, fail or neglect to provide child support in accordance with their abilities. However, we note that the trial court may invoke these provisions only after first obligating the parent for the amount of child support. In other words, it is only when the parent is obligated to pay an amount of child support that the court may order a third party under these statutes to make disbursements directly to the child support obligee.

Throughout the Family Code, the focus is on the ability of parents to pay for the support of their children, and on determining their resources available to contribute to their children's support. Tex.Fam.Code Ann. §§ 4.02, 14.052, 14.053, 14.054 & 14.-055 (Vernon 1975, 1986, & Supp.1992). Additionally, as an enforcement provision, the Family Code specifically provides that if a parent does not satisfy its child support obligation, that parent can be held in contempt of court. Tex.Fam.Code Ann. § 14.-312 (Vernon Supp.1992). We do not find a provision in the Family Code that would place a duty on a discretionary trust to support its beneficiary-parent's child. The only provision in the Family Code relating directly to trusts is Section 14.05(c), which we interpret allows a court to order a trustee to disburse income from a discretionary trust, to the extent that the trustee is required to make payments to a beneficiary who is required to make support payments under this section.

We conclude in this case that the trial court erred, and that it was not within the court's discretion to obligate the discretionary trust for the support of the trust beneficiary-parent's child. The discretionary trust under section 14.05(c) may be ordered by the trial court to make disbursements for child support if the beneficiary-parent

is first obligated to the amount of child support. *Long*, 542 S.W.2d at 719; *Robinson*, 694 S.W.2d 572. In this case, the trial court determined that the father, Gregory Stelfox, had net resources available of $525 per month. Based on that, the trial court obligated him to pay $105 per month as child support. Gregory Stelfox was not, in his individual capacity, obligated to pay $348 per month as child support. We sustain points one and two.

By points seven through ten, appellant contends that the trial court erred in holding the trust liable for Torres' attorney's fees. The trial court may award attorney's fees as costs in any suit affecting the parent-child relationship. Tex.Fam. Code Ann. § 11.18(a) (Vernon 1986). *See Abrams*, 713 S.W.2d at 197. However, since we have determined that the trial court erred in obligating the trust for child support, it follows that the portion of the judgment awarding attorney's fees against the trust must also be reversed. We sustain points of error seven through ten.

Having addressed the points of error necessary for a disposition of this appeal, we decline to address the remaining points. Tex.R.App.P. 90(a). The judgment of the trial court against Jeri Kolpack, trustee of the Gregory Alan Stelfox Trust, is reversed, and judgment rendered that Torres take nothing against appellant.