**Affirmed in Part, Reversed in Part, and Remanded; Memorandum Opinion filed August 29, 2024.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00015-CV

---

### GUILIAN MEREDITH, Appellant

### V.

### NOEMI VALENTIN, Appellee

---

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-77536**

---

### MEMORANDUM OPINION

Appellant Guilian Meredith files this restricted appeal of the trial court's Divorce Decree contending the trial court abused its discretion in rendering the decree because he did not have notice of appellee Noemi Valentin's counter-petition or the trial setting and because the trial court abused its discretion in determining the child support obligation.

Meredith argues that "the trial court abused its discretion when it signed the Default Decree because [Meredith] never received notice of any proceedings which is apparent on the face of the record." Meredith contends that error is apparent because the citation for Valentin's counterpetition in this case was never properly issued, served, and returned. Meredith further contends he never received notice of the trial setting.

## A. General Legal Principles

To prevail on a restricted appeal, an appellant must establish that: (1) the notice of restricted appeal was filed within six months of the date of the judgment or order; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of facts and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *Cox v. Cox*, 298 S.W.3d 726, 730 (Tex. App.—Austin 2009, no pet.). The parties agree that Meredith meets the first three elements. Thus, we will restrict our review to the final element—whether error is apparent on the face of the record.

In determining whether there is error on the face of the record, we may only consider the evidence that was before the trial court when it rendered its final judgment. *Cox*, 298 S.W.3d at 732. For purposes of a restricted appeal, the face of the record consists of all the papers that were before the trial court when it rendered its judgment. *Alexander*, 134 S.W.3d at 848–49; *Cox*, 298 S.W.3d at 730.

Upon a party's appearance, the Rules of Civil Procedure require that copies of every pleading filed be served on all the parties. Tex. R. Civ. P. 21. The Rules

of Civil Procedure also provide that when a party has appeared in the suit, service can be accomplished by either citation or as provided in Rule 21a. *See* Tex. R. Civ. P. 120 ("The defendant may, in person, or by attorney . . . enter an appearance in open court. Such appearance shall be noted by the judge . . . and shall have the same force and effect as if the citation had been duly issued and served as provided by law."); Tex. R. Civ. P. 124 ("When a party asserts a counterclaim . . . against another party who has entered an appearance, the claim may be served in any manner prescribed for service of citation or as provided in Rule 21a."); Tex. R. Civ. P. 21a ("Every notice required by these rules, and every pleading . . . my be served by delivering a copy to the party to be served, or the party's . . . attorney of record in the manner specified [in this Rule]."); Tex. Fam. Code § 156.004 (Texas Rules of Civil Procedure applicable to filing of original lawsuit apply to suit for modification under Chapter 156).

A default judgment cannot stand if the defendant was not served, in a manner authorized by Rule 21a, with an amended pleading that requested more onerous relief than the original petition. *See In re E.A.*, 287 S.W.3d 1, 6 (Tex. 2009). Valentin has the burden of proving that Meredith was served in strict compliance with the rules. *See Cox*, 298 S.W.3d at 733.

**B.     Background**

Initially, there were two separate suits filed under different cause numbers. The first was in September 2020, the Texas Attorney General filed an original petition in suit affecting the parent-child relationship (SAPCR Case). The second was in December 2020, Meredith filed an original petition for divorce, pro se (Divorce Case). Below is a timeline of filings in both cases:

3

| 09/2020 | Original Petition filed by Attorney General | SAPCR Case |
|---|---|---|
| 12/2020 | Original Petition filed by Meredith, pro se | Divorce Case |
| 07/2021 | Answer and Counter-Petition filed by Valentin, pro se | Divorce Case |
| 10/2021 | Answer filed by Meredith through counsel (Treshaun) | SAPCR Case |
| 01/2022 | Notice of Virtual Docket Mailed | Divorce Case |
| 01/2022 | Motion to Withdraw filed by Treshaun | Divorce Case |
| 03/2022 | Agreed Motion for Continuance filed by Valentin | Divorce Case |
| 04/2022 | Second Motion to Withdraw filed by Treshaun | Divorce Case |
| 05/2022 | Second Amended Counter-Petition | Divorce Case |
| 06/2022 | Transfer of Divorce Case to SAPCR Case trial court | Divorce Case |
| 06/2022 | Scheduling Order with Trial Setting Mailed | Divorce Case |
| 07/2022 | Motion to Consolidate Granted | Divorce and SAPCR Case |
| 09/2022 | Trial | Divorce and SAPCR Case |

In the SAPCR Case, the Attorney General requested that the trial court "order appropriate current and retroactive child, medical, and dental support for the children." In the Divorce Case, Valentin filed "Respondent's Original Answer" and "Respondent's Original Counter-Petition for Divorce" pro se, by mailing these documents to the Harris County District Clerk. The filing stamp on the documents indicates that they were both received by the "Mail Processing Clerk." Valentin's counter-petition for divorce contains a certificate of service indicating that

Valentin "gave a copy of it to my spouse or my spouse's lawyer in person, by mail, by commercial delivery service, by fax, or by email."

Meredith filed his original answer in the SAPCR Case through counsel, Treshaun Meredith.[1]  In his answer, Meredith requests relief against "petitioner" Valentin and requests all relief requested by "Petitioner" be denied.  Thereafter, the trial court mailed a notice of virtual trial docket, indicating that the Divorce Case would be called for trial on March 8, 2022, at 9:00 am.  This notice was addressed to Meredith at his address of record, the same he provided in his original petition for divorce.  The notice included only the case number of the Divorce Case. Shortly thereafter, Treshaun filed a motion to withdraw.  The filing was made into the Divorce Case, had the cause number of the Divorce Case, but the style from the SAPCR case.  The motion to withdraw represented that "Movant is attorney of record for Guilian Meredith and was employed to represent Respondent."  The motion also noted that the trial in this case was set for March 8, 2022.[2]

The parties then filed an agreed motion for continuance of the trial setting. The certificate of conference indicates that counsel for Valentin consulted with Treshaun and both agreed the case should be continued so that the parties could attempt mediation prior to trial.  The certificate of service indicates that the agreed motion was served on Treshaun.  After the trial court continued the trial setting, Valentin's counsel then filed two amended petitions for divorce, both of which contain certificates of service that indicate they were served on Treshaun.[3]

---

[1] Because Meredith disputes he was represented in the Divorce Case, we will refer to Treshaun Meredith as Treshaun to avoid confusion.

[2] There is no indication of whether the SAPCR case was also set for trial on this same date.

[3] Every document filed by Valentin's counsel was also emailed to Meredith.  However, the email address used in the service was misspelled.  Some service certificates indicate that

About two months before trial, the trial court granted Valentin's motion to consolidate the Divorce Case and the SAPCR Case. After consolidation Meredith's counsel again filed a motion to withdraw. There is no ruling on this motion in the record on appeal.

Valentin's second amended counterpetition for divorce has a certificate of service that indicates that it was served on "Treshaun Meredith by electronic filing manager." The next page indicates that the document was emailed to Treshaun and to the misspelled email address for Meredith.

The trial court sent Meredith a scheduling order and notice of intent to dismiss by mail at the address Meredith provided in petition. The scheduling order gave Meredith notice of the trial setting on September 19, 2022. (CR 147). There is no indication in the record that this mail was ever returned.[4] Trial was held on September 19, 2022. The trial court noted that it took "judicial notice of the scheduling order that was mailed to the attorney of record and [Meredith]." Neither Treshaun nor Meredith appeared at trial.

## C. Analysis

Meredith argues that he "only ever filed a single document in this case; his Original Petition for Divorce." Appellant contends that he had Valentin properly served and "thereafter, had no further participation in the case." Meredith also argues he was never served with Valentin's answer or counterpetition. To the extent Meredith argues that Valentin was required to have a citation issued for service of her counterpetition, we disagree. *See* Tex. R. Civ. P. 120, 124, 21a; Tex.

---

there was an "error" and some indicate "sent." However, every such instance of service on Meredith by email contains the same misspelling of Meredith's email address.

[4] Though other mailings from the trial court to Meredith, sent to a different address than that listed on Meredith's original petition, were returned.

6

Fam. Code § 156.004; *See also In re E.A.*, 287 S.W.3d 1, 4 (Tex. 2009) ("Rule 21a applies to all pleadings required to be served under Rule 21 other than the original petition and except as provided in the rules."). Because Meredith had appeared in the Divorce Case by filing the original petition, Valentin may have issued a citation or served her counter-petition for divorce in a manner authorized by Rule 21a. *See* Tex. R. Civ. P. 124. The certificate of service attached to Valentin's counter-petition indicates she served Meredith with a copy "in person, by mail, by commercial delivery service, by fax, or by email." A certificate of service is prima facie evidence of service. Tex. R. Civ. P. 21a(e). Although Valentin did not provide the means of service in her certificate of service, "Rule 21a does not require that a certificate of service detail the method of service used." *See Approximately $14,980.00 v. State*, 261 S.W.3d 182, 187 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Thus, the face of the record shows that Meredith was served with Valentin's counter-petition in compliance with the Texas Rules of Civil Procedure.

Appellant contends he never received service of any documents because of the misspelling of his email address. The face of the record shows that every filing emailed to Meredith was sent to the incorrect email address. Even assuming he did not receive any document served by email, there is evidence Treshaun was served with Valentin's second amended counter-petition and notice of hearing on Valentin's motion for temporary orders by service to Treshaun. Both Valentin's seconded amended counter-petition and notice of hearing on temporary orders contain certificates of service that they were served on Treshaun by "electronic filing manager." The attached "Automated Certificate of eService" indicates that these filings were emailed to Treshaun. Thus, if service upon Treshaun is proper then there is prima facie service on Meredith and there is no error on the face of the

7

record. *See Hooten v. Yeager*, 654 S.W.3d 185, 194–95 (Tex. App.—Texarkana 2022, no pet.) ("[Client] only entitled to notice if notice was not provided to his duly authorized agent or attorney of record. Because the record fails to show that [attorney] was not notified of the hearing, any defect in sending notice to [client] fails to establish error on the face of the record.").

Meredith contends service on Treshaun is not valid service on him because Treshaun only represented Meredith in the SAPCR Case and not the Divorce Case. "An attorney may become an 'attorney of record' by filing pleadings or appearing in open court on a party's behalf." *Smith v. Smith*, 241 S.W.3d 904, 907 (Tex. App.—Beaumont 2007, no pet.) (citing Tex. R. Civ. P. 8, 21a, 120); *see also In re D.M.B.*, 467 S.W.3d 100, 103 (Tex. App.—San Antonio 2015, pet. denied) ("[A] defendant waives a complaint regarding service if retained counsel appears in court on his behalf, seeking a judgment or adjudication on some question."). Here, Treshaun filed an answer in the SAPCR case requesting relief against petitioner Valentin though Valentin was not the petitioner in that case. Treshaun then filed two motions to withdraw into the Divorce Case, requesting the trial court to allow him to withdraw from representation of Meredith. In both motions, Treshaun represented that he was counsel of record for Meredith and retained by Meredith to represent him. Later, Treshaun agreed to a continuance of the trial setting on Meredith's behalf. Thus, the face of the record demonstrates that Treshaun was Meredith's attorney of record in the Divorce Case and service on Treshaun as Meredith's attorney of record was proper under Rule 21a. *See Hooten*, 654 S.W.3d at 190 ("From [the] objective evidence, we are compelled to conclude that [attorney] acted as [client's] duly authorized agent or attorney of record for [client] in the underlying lawsuit. . . . It is apparent from the record as well that the motion for summary judgment was served on [attorney], and the record does not reflect

8

that he ever indicated he was not authorized to receive same or to act as [client's] counsel.").

Finally, the face of the record also shows that notice of the trial setting was sent to Meredith at his address on record with the trial court, the same address he included in his original petition. There is no evidence on the face of the record that the mailed notice was returned. The trial court also took judicial notice that it sent the notice of trial setting to both Meredith and Treshaun and neither appeared.

The certificates of service showing Meredith was properly served are prima facie evidence that such service was effective. There is no indication on the face of the record to rebut this presumption of effective service and no evidence on the face of the record that Treshaun was not authorized to receive service or to act as Meredith's counsel. Because the face of the record fails to show that Meredith was not given proper notice, we overrule Meredith's first issue.

## CHILD SUPPORT

Next Meredith argues the trial court abused its discretion because it had legally and factually insufficient evidence to determine the child support obligation, improperly used Meredith's Supplemental Security Income (SSI) to calculate net resources and awarded more than the amount authorized by the statutory guidelines.

### A. General Legal Principles

We review a trial court's judgment granting child support for an abuse of discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). A trial court abuses its discretion when it acts arbitrarily or without reference to guiding principles or when it fails to analyze or correctly apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). When an appellant alleges the trial court abused

9

its discretion because the evidence was insufficient, "this court employs a two prong test: first, we must ask whether the trial court had sufficient information on which to exercise discretion; and second, we determine whether the trial court abused its discretion by causing the child support order to be manifestly unjust or unfair." *Newberry v. Bohn-Newberry*, 146 S.W.3d 233, 235 (Tex. App.—Houston [14th Dist.] 2004, no pet.). Sufficiency of the evidence is a factor in assessing whether the trial court abused its discretion. *In re A.L.S.*, 338 S.W.3d 59, 65 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). When the trial court does not issue findings of fact or conclusions of law, we presume the trial court made all findings necessary to support the judgment and will uphold these findings if they are supported by the record. *Id.* We review the evidence in the light most favorable to the trial court's judgment and indulge every reasonable presumption in its favor. *Newberry*, 146 S.W.3d at 235.

Texas Family Code Chapter 154 governs child support proceedings and sets forth guidelines to apply in determining an amount of child support. *See* Tex. Fam. Code §§ 154.001–.309. The trial court "shall calculate net resources for the purpose of determining child support liability as provided by this section." Tex. Fam. Code § 154.062(a). "Net resources" includes all wage and salary income; self-employment income; interest, dividends, and royalty income; net rental income; and "all other income actually being received, including . . . social security benefits other than supplemental security income." *Id*. § 154.062(b).

For the trial court to discharge its duty under section 154.062, "[t]here must be some evidence of a substantive and probative character of net resources." *Newberry*, 146 S.W.3d at 236. In the absence of evidence of wage and salary income of a party, a court shall presume that the party has wages or salary equal to the federal minimum wage for a 40-hour week. Tex. Fam. Code § 154.068.

10

## B.    Background

At trial, Valentin testified that the parties separated January 23, 2020. Valentin testified that there were four children, three born of the marriage and one born prior to the marriage and Meredith had executed an acknowledgment of paternity.  She testified that while they were married, Meredith obtained disability benefits from the government.  The government paid Meredith for his disability, but also paid disability amounts to three of his four children.  Before their separation, they were receiving $936 monthly for her husband's disability.  From February through July 2020, Valentin did not receive any checks and testified that Meredith refused to sign the children's checks over to her.  Valentin testified that Meredith had a job working with KB Homes but she did not have any idea what his earnings were currently.  She introduced Meredith's 2020 tax return to show his annual earnings as of 2020.

In her exhibit nine, Valentin's requested award for child support includes numbers and calculations for the amount of child support she requested from the trial court.  Based on the evidence presented, it concludes Meredith's net monthly resources are $3,673,[5] based on the 2020 tax return and the disability payments, and once taxes are considered.  The exhibit goes on to indicate that the amount of support for four children based on Meredith's net monthly resources is $1,302 of the monthly net resources.[6]

---

[5] This number is based on Meredith's 2020 income tax return showing income of $31,039 and Social Security benefits of $22,495; Based on this evidence, Meredith's total net resources annually for 2020 were: $31,039 + $22,495 = $53,534.  *See* Tex. Fam. Code § 154.061(a). Divided by twelve provides the monthly amount of net resources: $53,534/12 = $4,461.16.  *See id*.  Further reducing that amount is Meredith's tax liability as calculated by the Office of the Attorney    General    to    $3,673.57.    *See*    Tex.    Fam.    Code    §    154.061(b); https://csapps.oag.texas.gov/system/files/2019-12/2020_taxcharts.pdf (based on monthly gross wages of $4,400).

[6] 35% of $3,673 is 1285.55.  *See* Tex. Fam. Code § 154.125(b).

The trial court found that Meredith had retained the social security payments for the three children for five months after the parties had separated and while Valentin had custody of the children. The trial court found Meredith owed retroactive child support for this five-month period in the amount of $6,440.00. The trial court concluded that after this five-month period, once the children started receiving their checks from social security, Meredith did not owe any retroactive child support for the three children receiving social security payments and such payments were credited to Meredith. For the fourth child, the trial court concluded that Meredith owed retroactive child support in the amount of $776.92 per month from July 1, 2020, until September 1, 2022, in the amount of $19,423.00. Thus, the total amount of retroactive child support awarded was $25,863.00. The trial court ordered Meredith to pay $500 monthly until the total amount of retroactive support had been paid. The trial court ordered Meredith to pay monthly child support in the amount of $776.92 per month. The trial court also ordered Meredith to pay $100.00 monthly as additional child support for medical support under section 154.182(b)(3) of the Texas Family Code.

## C.    Analysis

First, Meredith argues that the only evidence presented by Valentin was a 2020 tax return and a paystub from December 31, 2020, and there is no testimony or evidence regarding how much he earns in his current employment. The trial court reviewed Meredith's 2020 tax return documents admitted into evidence. The 2020 tax return showed Meredith's earnings from his employment and social security that year, the first year of the parties' separation. While Valentin testified that Meredith was no longer employed by AT&T, she also testified that at the time of trial he was employed by KB Homes. *See Banakar v. Krause*, 674 S.W.3d 564, 575 (Tex. App.—Houston [1st Dist.] 2023, no pet.) (viewing in light most

12

favorable to the trial court's ruling, trial court could consider gross job earnings of prior job in determining net resources even though husband had lost his job six weeks prior to trial; husband was actively seeking employment). We conclude from this evidence the trial court had sufficient information on which to exercise discretion.

Second, Meredith argues the trial court abused its discretion by considering his "Supplement Security Income," which is excluded under the Family Code from the calculation of net resources. Social security benefits, other than supplemental security income, are included in net resources. Tex. Fam. Code § 154.062(b)(5). There are two types of disability payments provided by the Social Security Administration. The first is social security disability insurance and applies to individuals who have a disability or blindness, and sufficient work history. *See* 20 C.F.R. §§ 404.315–325, 404.1505. Social security disability insurance allows an individual to return to work and still receive a disability payment so long are their earnings stay below a certain amount. *See id*. § 404.401a. The second is supplemental security income and applies to individuals with little or no income, little or no resources, and a disability that affects the individual's ability to work for a year or more, or will result in death, or has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 20 C.F.R. §§ 416.110, 416.202, 416.905. From the face of the record there is no indication that the disability payments Meredith receives are Supplemental Security Income as opposed to Social Security Disability Benefits.

Third, Meredith contends the trial court failed to credit his social security benefits against the child support obligation. Meredith further contends the child support order "bears no relation to the statutory guidelines." On appeal, Valentin acknowledges and concedes the trial court ordered incorrect amounts for the child

support obligation. Valentin argues that when properly crediting the $936 in social security benefits three of the four children receive, the monthly child support obligation is reduced from $1,359.62 monthly to $424.62 monthly. The trial court ordered Meredith to pay $776.92 monthly as the prospective child support obligation. Thus, Valentin concedes the trial court abused its discretion in ordering $776.92 monthly as the child support obligation because it was not supported by the guidelines set forth in the Family Code. *See* Tex. Fam. Code § 154.122(a). Valentin acknowledges this error effects both the retroactive support and the ongoing support obligation because they are both based on the amount of $776.92.

We conclude the trial court abused its discretion in ordering more child support than the guidelines provide without making any specific findings to support the amount ordered. *See* Tex. Fam. Code § 154.130. We therefore sever that portion of the trial court's judgment relating to child support from the remainder of the judgment, and reverse and remand the trial court's judgment only as to the calculation of the retroactive child support and the ongoing monthly child support obligation and remand this case to the trial court for further proceedings consistent with this opinion. However, if Valentin files a remittitur within ten (10) days from the date of this judgment wherein Valentin agrees to a reduction in the retroactive child support amount owed from $25,863.00 to $15,172.49[7] and a

---

[7] Based on the trial court's finding of monthly net resources of $4,461.17, further reducing that amount is Meredith's tax liability as calculated by the Office of the Attorney General to $3,673.57. *See* Tex. Fam. Code § 154.061(b); https://csapps.oag.texas.gov/system/files/2019-12/2020_taxcharts.pdf (based on monthly gross wages of $4,400). Meredith's obligation is to support four children, determined to be 35% of his reduced monthly wages, or $3,673.57 * 0.35% = $1,285.75 monthly. For five months Valentin testified the three children did not receive their checks for Meredith's disability, thus to calculate part of the retroactive support obligation we multiply: $1,285.75 * 5 = $6,428.75. Valentin testified the children began receiving the disability checks, in the amount of $936.00 on July 1, 2020. Thus, the remaining retroactive support obligation is reduced from $1,285.75 monthly to $349.75 monthly; ($1,285.75-$936.00 = $349.75). That amount is multiplied by the twenty-five months the suit was pending before the trial court ordered an ongoing child support obligation, or

14

reduction in the ongoing support obligation from $776.92 to $349.75, we will reform the judgment accordingly and affirm the judgment as modified. *See Newberry*, 146 S.W.3d at 237; *Blazek v. Blazek*, 669 S.W.2d 347, 348–49 (Tex. App.—Houston [14th Dist.] 1984, no writ); *Fleming v. Fleming*, 595 S.W.2d 199, 202 (Tex. App.—Waco 1980, writ dism'd).

## CONCLUSION

Having overruled Meredith's first issue and sustained the second issue with regard to the calculation of the child support obligation, we sever that portion of the trial court's judgment relating to child support from the remainder of the judgment, and reverse and remand the trial court's judgment only as to the calculation of the retroactive child support and the ongoing monthly child support obligation and remand this case to the trial court for further proceedings consistent with this opinion. However, if Valentin files a remittitur within twenty (20) days from the date of this judgment wherein Valentin agrees to a reduction in the retroactive child support amount owed from $25,863.00 to $15,172.49 and a reduction in the ongoing support obligation from $776.92 to $349.75, we will affirm the judgment as modified.

/s/ Ken Wise
Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.

---

$349.75*25 = $8,743.74. The total retroactive obligation is $6,428.75 + $8,743.74 = $15,172.49.