**In the Interest of M.D.C., a Child.**

**No. 05–04–00315–CV.**

Court of Appeals of Texas,
Dallas.

June 29, 2005.

Rehearing Overruled Sept. 26, 2005.

Janice E. Cohen, Dallas, for Appellant.

Susan Vrana, Moore, Vrana & Padgitt, Shelly Benet West, Johnson & West, Dallas, for Appellees.

Before Justices O'NEILL, MARTIN RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

In this suit affecting the parent-child relationship, Denise Morgan Colletta appeals the trial court's order awarding damages to her two daughters for breach of fiduciary duty and attorney's fees. For reasons that follow, we conclude the evidence is legally insufficient to sustain the judgment on breach of fiduciary duty. Consequently, we reverse that portion of the trial court's order and render judgment that the children take nothing on their breach of fiduciary duty claim. We also reverse the award of attorney's fees and remand that issue for a new trial.

Denise Morgan Colletta is the mother of M.D.C., a minor, and Chrisanna Maria Paige Colletta, who was nineteen years old at trial. Chrisanna sued her mother for custody of M.D.C. and for child support. In her affidavit in support of the petition, Chrisanna explained that her father died in 1998 and her mother had since become addicted to drugs, socialized with drug dealers and thieves, and failed to provide food or basic necessities. Two months later, the trial court signed temporary orders appointing Chrisanna temporary sole managing conservator of her younger sis-

ter. The order also contained a stipulation that Valerie Salter, the child's maternal aunt, would be appointed joint managing conservator once she intervened in the lawsuit. (Salter subsequently intervened.) After the temporary orders were signed, Chrisanna amended her petition to add a claim for breach of fiduciary duty in which she alleged Colletta had violated trust terms by wasting trust funds or assets belonging to her and M.D.C.

On the day of trial, the parties agreed that Chrisanna and Salter would be named co-joint managing conservators of the child. The trial proceeded before the court on the issues of breach of fiduciary duty and attorney's fees. Colletta, whose attorney withdrew from the case the month before trial, represented herself under protest.

Evidence showed that each of Colletta's children had a $50,000 trust, and Colletta had spent all of the money. Chrisanna's evidence showed that Colletta spent the trust money on opening a bar in Deep Ellum that ultimately failed. Colletta testified she used a $350,000 retirement asset to open and run the bar, and said she used the trust funds for the children's education and living expenses.

In addition to the trust, the children each owned a three percent interest in Morgan Colletta Ltd., a partnership with their mother. The partnership owned two properties at trial (the Westmoreland and Old Hickory properties); Colletta had previously sold several other properties owned by the partnership and realized $130,000 either in sales proceeds or loans. Chrisanna testified her mother used $30,000 of the money on a three-week vacation to Mexico with her boyfriend. Colletta testified she used the money to "live on" and for the children's car insurance.

The children did not present any evidence regarding the terms of the trust or the partnership agreement. Rather, at trial and on appeal, they simply explain that they sought the documents in discovery, but Colletta did not produce them. There is no evidence in the record suggesting the children took any action to compel production of the documents.

At the conclusion of the trial, the judge ordered Colletta to bring to him that day copies of (1) the children's trusts, (2) deeds to all properties owned by her or the partnership, (3) the will of Colletta's husband, and (3) the partnership agreement. Colletta took the documents to the judge, but the documents were never admitted into evidence. Ultimately, the trial judge signed an order awarding each child $100,000 for breach of fiduciary duty and awarded attorney's fees to Chrisanna's and Salter's attorneys. The judge also appointed a receiver to take charge of 13.5 acres that purportedly included Colletta's homestead.

■ In her first issue, Colletta argues, as a matter of law, that she breached no fiduciary duty to either Chrisanna or her minor child. When a party is attacking the legal sufficiency of an adverse finding on which she did not have the burden of proof, she must demonstrate on appeal that there is no evidence to support the adverse finding. *Croucher v. Croucher*, 660 S.W.2d 55, 58 (Tex.1983). When reviewing a no-evidence point, we must view the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex.2002). Here, we must decide whether the children presented more than a scintilla of evidence to support a finding that Colletta breached her fiduciary duty. We conclude they have not.

To determine whether Colletta breached her fiduciary duty, we necessarily must

have evidence of the nature of Colletta's duties with respect to either the trust instrument or partnership agreement. Here, the children failed to produce *any* evidence regarding Colletta's duties under either. The children justify this lack of proof by explaining that Colletta did not produce the documents in response to discovery, although there is no evidence to suggest the children ever sought to compel production. Indeed, at trial, the judge apparently determined the documents were necessary and ordered Colletta to bring them to him that very day. Colletta did as ordered, and the judge subsequently made his ruling. But the documents were not admitted into evidence and are therefore not a part of the either trial or appellate record. Without these documents or other evidence of Colletta's duties, we conclude there is no evidence to support a finding that Colletta breached her fiduciary duty. Accordingly, we sustain the first issue.

█ In her second issue, Colletta complains the trial court abused its discretion in appointing a receiver over the Westmoreland and Old Hickory properties. Initially, we note the complained-of order appoints a receiver only over the Westmoreland property and gives the receiver authority to manage, control, and dispose of the property; the order does not mention the Old Hickory property. The order is connected to the trial court's finding of breach of fiduciary duty and the awarding of $100,000 to each child for that breach. Accordingly, our disposition of the first issue necessitates that we sustain this issue and vacate the order appointing receiver.

█ In her third issue, Colletta challenges the award of more than $19,000 in attorney's fees. The award of attorney's fees in a suit affecting the parent-child relationship is within the trial court's discretion. *See Bruni v. Bruni,* 924 S.W.2d

366, 368 (Tex.1996). Here, the order awarded custody of M.D.C. to her sister and aunt; ordered Colletta to pay child support; and ordered Colletta to pay $1780 child support arrearage. In addition to these matters, the trial court erroneously found in favor of M.D.C. and Chrisanna on the breach of fiduciary duty claims. In light of our decision today, we conclude the trial court should be given an opportunity to reconsider the award of attorney's fees. *Cf. Bruni,* 924 S.W.2d at 368 (reversing attorney's fees for reconsideration after concluding trial court premised judgment on erroneous conclusions of law). We reverse the trial court's award of attorney's fees and remand that issue for a new trial.

We reverse the trial court's order on the breach of fiduciary duty claim and render judgment that M.D.C. and Chrisanna Maria Paige Colletta take nothing on that claim. We delete that portion of the order placing a lien against property owned by Denise Morgan Colletta and Morgan Colletta Ltd. to satisfy the judgment on the breach of fiduciary duty claim. We vacate the October 15, 2003 order appointing a receiver over the Westmoreland property. We reverse the award of attorneys fees and remand that issue for a new trial. In all other respects, we affirm the trial court's order.