

## COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

---

### NO. 2-08-157-CV

---

ANN E. MALONE                                                            APPELLANT

V.

GARY R. MALONE, INDIVIDUALLY                                    APPELLEE
AND AS FORMER TRUSTEE OF
THE AGREEMENT OF TRUST FOR
THE ANN E. MALONE TRUST

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Ann E. Malone and Appellee Gary R. Malone are siblings. In two points, Ann argues that the trial court erred by granting Gary's motions for traditional and no-evidence summary judgment regarding her claims of breach

---

[1] *See* Tex. R. App. P. 47.4.

of fiduciary duty and conspiracy to breach fiduciary duty filed against Gary in his capacity as former trustee of the Ann E. Malone Trust. We will affirm.

## II. BACKGROUND

In May 2002, the Ann E. Malone Trust was established. Gary and Ann's mother, Vivian J. Malone, died in November 2002. Gary served as trustee for the trust from its inception until March 31, 2005. Then Rita Malone—also Ann's sibling—served as trustee until she passed away in June 2007. After Rita's death, Cathy O'Dell—Rita's niece—served as trustee until March 24, 2008, when Ann and Cathy signed an agreed order that Thomas O'Dell would serve as trustee.

In the interim, on July 8, 2004, Ann filed this suit against her four siblings, Gary, Rita, Linda P. Chappell, and Lynn C. Malone.[2] This suit involved twelve different causes of action, including assault, intentional infliction of emotion distress, invasion of privacy, defamation, false imprisonment, trespass to real property, conversion, fraud, misrepresentation, civil conspiracy, and

---

[2] Ann has also engaged in other litigation involving Gary and their mother's estate. *See Malone v. Malone*, No. 10-04-00011-CV, 2005 WL 1303366, at *1 (Tex. App.—Waco, June 1, 2005) (mem. op) (holding that Vivian Malone's estate, of which Gary is independent executor, was entitled to funds in Vivian Malone's bank account after Vivian's death despite executed signature card that purportedly made Ann and Vivian joint holders of the account with right of survivorship).

2

breach of fiduciary duty. After Rita passed away, Ann filed her fourth amended original petition and added Patrick Conaway, executor of Rita's estate, and Cathy O'Dell. On February 1, 2008, Ann filed her sixth amended original petition, deleting Patrick as a party to the suit.

On January 17, 2008, Gary and Linda filed no-evidence and traditional motions for summary judgment. In their no-evidence motions, Gary and Linda asserted that there was no evidence to support any of Ann's causes of actions. Gary and Linda also moved, in their traditional summary judgment motions, that many of Ann's claims were barred by the statute of limitations or that they could conclusively establish no liability. Ann filed her response on February 8, 2008. The trial court conducted a hearing on February 15, 2008, and on February 27, 2008, the trial court granted summary judgment on all grounds except Ann's claims for breach of fiduciary duty, civil conspiracy, and intentional infliction of emotional distress. Ann then filed her seventh amended original petition, removing Linda as a party to this suit. On March 7, 2008, the trial court granted summary judgment in favor of Gary on these three remaining grounds. As mentioned above, Cathy O'Dell and Ann signed an agreed order dated March 24, 2008, whereby Thomas O'Dell became trustee of the Ann E. Malone trust. This order also dismissed Cathy, with prejudice, from this suit. This appeal followed.

3

## III. DISCUSSION

In two points, Ann argues that the trial court erred by granting Gary's motions for summary judgment regarding her claims of breach of fiduciary duty and conspiracy to breach fiduciary duty.[3] We disagree.

### A. No-Evidence Summary Judgment Standard of Review

After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense. Tex. R. Civ. P. 166a(i). The motion must specifically state the elements for which there is no evidence. *Id.*; *Johnson v. Brewer & Pritchard, P.C.*, 73 S.W.3d 193, 207 (Tex. 2002). The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact. *See* Tex. R. Civ. P. 166a(i) & cmt.; *Sw. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002).

When reviewing a no-evidence summary judgment, we examine the entire record in the light most favorable to the nonmovant, indulging every reasonable

---

[3] Ann appeals only the portion of the trial court's order granting Gary summary judgment on her claims for breach of fiduciary duty and civil conspiracy. Ann does not appeal the trial court's order granting summary judgment on her intentional infliction of emotional distress claim.

4

inference and resolving any doubts against the motion. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper. *Moore v. K Mart Corp.*, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). But when the evidence is so weak that it does nothing more than create a mere surmise or suspicion of a fact, less than a scintilla of evidence exists, and a no-evidence summary judgment is proper. *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983). We review a no-evidence summary judgment for evidence that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)).

### B.    No-Evidence Summary Judgment on Breach of Fiduciary Duty

In her first point, Ann argues that the trial court erred by granting summary judgment on her claim that Gary breached his fiduciary duty as trustee of the trust. Gary counters that there is no evidence to support each element of Ann's claim.

To recover for a breach of fiduciary duty, a plaintiff must show that a fiduciary duty existed, breach of that duty, causation, and damages. *See*

5

*generally Avary v. Bank of Am., N.A.*, 72 S.W.3d 779, 792 (Tex. App.—Dallas 2002, pet. denied).

To support her contention that the trial court erred by granting summary judgment, Ann lists six items that she claims are evidence that create a genuine issue of material fact as to whether Gary breached his fiduciary duty in his capacity as trustee. We will address each of these items in turn.

First, Ann asserts that Gary and Rita funded the trust with $400,000 in 2002, which included $300,000 in General Motors bonds and $100,000 in an interest-bearing account with Bank of Omaha. Second, Ann asserts that as of December 12, 2007, only $405,028.15 remained in the trust. Although Ann does not cite any authority as to why these items constitute evidence of a breach of fiduciary duty, she does, in the analysis of her second issue, make the proclamation that the corpus of the trust "is $143,196.11 less than it should be." *See* Tex. R. App. P. 38.1(i) (stating that a "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). These assertions do not demonstrate any of the elements of a breach of fiduciary duty claim. *See In re M.D.C.*, 171 S.W.3d 361, 364 (Tex. App.—Dallas 2005, no pet.) (holding that breach of fiduciary duty claim requires evidence that a duty by trustee is owed to beneficiary); *Brazosport Bank of Tex. v. Oak Park Townhouses*, 889 S.W.2d

6

676, 685 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding that there was no evidence that fiduciary duty was breached).

In her third listed item, Ann asserts that Gary has never provided an accounting to her regarding the trust. But Ann does not point to any evidence in the record demonstrating that Gary, under the trust instrument, had a duty to account to Ann during his tenure as trustee. *See In re M.D.C.*, 171 S.W.3d at 364. Further, Ann provided no evidence that she ever demanded an accounting while Gary was trustee. *See* Tex. Prop. Code Ann. § 113.151 (Vernon 2007) (providing the terms under which a beneficiary may make a demand on the trustee for a trust accounting). This assertion also fails to demonstrate evidence of any of the elements of a breach of fiduciary duty by Gary.

In her remaining three listed items, Ann argues that Gary made a one-time distribution of $5,000 to her but made no other distributions to her while he was trustee; that Gary admitted that as trustee of the trust, he invested in long-term corporate bonds intending to provide Ann with an annual income of $20,000 but that it has not; and that Gary admitted to withholding funds of the trust to Ann in order to keep her from being with her mother at the end of her mother's life and to "punish" her for past acts that Gary found unacceptable. Gary responds that the trust is a discretionary trust and that, during his tenure

7

as trustee, it was within his discretion to determine when and what amounts were to be distributed to Ann. We agree with Gary.

Under a discretionary trust, the beneficiary is entitled only to the income or principal that the trustee, in his discretion, shall distribute to the beneficiary. *See Kolpack v. Torres*, 829 S.W.2d 913, 915 (Tex. App.—Corpus Christi 1992, writ denied) (citing G. Bogert, The Law of Trusts and Trustees § 228 (2d ed. 1979)). The beneficiary of a discretionary trust cannot compel the trustee to pay her or to apply for her use any part of the trust property. *Id*.

The trust in this case specifically states that "The Trustee shall have complete discretion to pay or use . . . the net income and/or corpus of the Trust as the Trustee, in its sole discretion, may determine to be reasonably necessary for [Ann]." We first note that Gary has not been the only trustee of the Ann E. Malone Trust. But regardless of who was the trustee, it was within the trustee's discretion to make distributions to Ann, and a court cannot substitute its discretion for that of the trustee. *See Beaty v. Bales*, 677 S.W.2d 750, 754 (Tex. App.—San Antonio 1984, writ ref'd n.r.e.). We conclude and hold that Ann presented no evidence that Gary breached any fiduciary duty he may have owed to Ann under the trust and that the trial court did not err by granting Gary's no-evidence summary judgment on Ann's breach of fiduciary duty claim. We overrule Ann's first point.

**C.    No-Evidence Summary Judgment on Civil Conspiracy Claim**

In her second point, Ann argues that the trial court erred by granting Gary's summary judgment on her claim that Gary conspired to breach his fiduciary duty to her.  Gary counters that Ann "put forth no evidence of a breach of fiduciary duty that proximately caused damage to Ann."  We agree that Ann presented no evidence that Gary was involved in a civil conspiracy to breach any alleged fiduciary duty he owed to Ann.  Thus, the trial court did not err by granting Gary's no-evidence summary judgment.

An actionable civil conspiracy is a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.  *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).  The essential elements of a civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result.  *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996); *Triplex Commc'ns, Inc. v. Riley*, 900 S.W.2d 716, 719 (Tex. 1995).  It is not the agreement itself but an injury to the plaintiff resulting from an act done pursuant to the common purpose that gives rise to a cause of action for civil conspiracy.  *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979).  In other words, recovery is not based on the conspiracy

9

but on an underlying tort. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996). Thus, a conspiracy claim is a derivative tort. *Id*. Ann alleged that Gary breached his fiduciary duty as the underlying tort to support her conspiracy claim. Breach of fiduciary duty is a recognized cause of action that will support a civil conspiracy claim. *See Lesikar v. Rappeport*, 33 S.W.3d 282, 302 (Tex. App.—Texarkana 2000, pet. denied). But, as explained above, Ann has failed to show any evidence as to how Gary breached his fiduciary duty to Ann as trustee of the trust.

Furthermore, Ann cannot point to any evidence, circumstantial or otherwise, supporting her claim of civil conspiracy. The only potential evidence that Ann points to this court is that Gary, as trustee, made loans to himself in his capacity as executor of the Estate of Vivian Malone from the trust; that Gary accepted loan proceeds from Rita, who succeeded Gary as trustee; that the loans were not documented in the accountings pertaining to the Estate of Vivian Malone; that the corpus of the trust is less than Ann expects it to be; and that Gary made only a one-time $5,000 distribution to Ann while he was trustee. But these facts are nothing more than events that might give rise to speculative inferences compounded upon one another that Gary and Rita had a meeting of minds with the object being to breach their alleged fiduciary duties to Ann and are insufficient to prove that Gary engaged in a civil conspiracy to

10

harm her. *See Rayon v. Energy Specialties, Inc.*, 121 S.W.3d 7, 16 (Tex. App.—Fort Worth 2002, no pet.) (holding that party may not establish a vital fact by piling one inference upon another).

Vital facts may not be proved by unreasonable inferences from other facts and circumstances. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 858 (Tex. 1969) (citing 'No Evidence' and 'Insufficient Evidence,' 38 Tex. L. Rev. 359, 363). A party may not establish a vital fact by piling one inference upon another. *Id*. To permit proof in this fashion would violate the long-established rule that requires proof of any vital fact by evidence amounting to something more than a mere scintilla. *Joske v. Irvine*, 91 Tex. 574, 582, 44 S.W. 1059, 1063 (1898). We conclude and hold that Ann presented no evidence that Gary engaged in a civil conspiracy to breach any potential fiduciary duty he owed to Ann. Thus, we hold that the trial court did not err by granting Gary's no-evidence summary judgment as to Ann's civil conspiracy claim and overrule Ann's second point.

## IV. CONCLUSION

Having overruled both of Ann's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: MEIER, LIVINGSTON, and WALKER, JJ.

DELIVERED: August 20, 2009