COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-157-CV

 

 

ANN E. MALONE                                                                 APPELLANT

 

                                                   V.

 

GARY R. MALONE, INDIVIDUALLY                                            APPELLEE

AND AS FORMER TRUSTEE OF

THE AGREEMENT OF TRUST
FOR

THE ANN E. MALONE TRUST

                                              ------------

 

            FROM THE 96TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

                                       I. 
Introduction








Appellant Ann E. Malone and Appellee Gary R.
Malone are siblings.  In two points, Ann
argues that the trial court erred by granting Gary=s
motions for traditional and no-evidence summary judgment regarding her claims
of breach of fiduciary duty and conspiracy to breach fiduciary duty filed
against Gary in his capacity as former trustee of the Ann E. Malone Trust.  We will affirm.

                                        II. 
Background

In May 2002, the Ann E. Malone Trust was
established.  Gary and Ann=s
mother, Vivian J. Malone, died in November 2002.  Gary served as trustee for the trust from its
inception until March 31, 2005.  Then
Rita MaloneCalso Ann=s
siblingCserved
as trustee until she passed away in June 2007. 
After Rita=s death, Cathy O=DellCRita=s nieceCserved
as trustee until March 24, 2008, when Ann and Cathy signed an agreed order that
Thomas O=Dell
would serve as trustee.








In the interim, on July 8, 2004, Ann filed this
suit against her four siblings, Gary, Rita, Linda P. Chappell, and Lynn C.
Malone.[2]  This suit involved twelve different causes of
action, including assault, intentional infliction of emotion distress, invasion
of privacy, defamation, false imprisonment, trespass to real property,
conversion, fraud, misrepresentation, civil conspiracy, and breach of fiduciary
duty.  After Rita passed away, Ann filed
her fourth amended original petition and added Patrick Conaway, executor of
Rita=s
estate, and Cathy O=Dell.  On February 1, 2008, Ann filed her sixth
amended original petition, deleting Patrick as a party to the suit.

On January 17, 2008, Gary and Linda filed
no-evidence and traditional motions for summary judgment.  In their no-evidence motions, Gary and Linda
asserted that there was no evidence to support any of Ann=s causes
of actions.  Gary and Linda also moved,
in their traditional summary judgment motions, that many of Ann=s claims
were barred by the statute of limitations or that they could conclusively
establish no liability.  Ann filed her
response on February 8, 2008.  The trial
court conducted a hearing on February 15, 2008, and on February 27, 2008, the
trial court granted summary judgment on all grounds except Ann=s claims
for breach of fiduciary duty, civil conspiracy, and intentional infliction of
emotional distress.  Ann then filed her
seventh amended original petition, removing Linda as a party to this suit.  On March 7, 2008, the trial court granted
summary judgment in favor of Gary on these three remaining grounds.  As mentioned above, Cathy O=Dell and
Ann signed an agreed order dated March 24, 2008, whereby Thomas O=Dell
became trustee of the Ann E. Malone trust. 
This order also dismissed Cathy, with prejudice, from this suit.  This appeal followed.








                                         III. 
Discussion

In two points, Ann argues that the trial court
erred by granting Gary=s motions for summary judgment
regarding her claims of breach of fiduciary duty and conspiracy to breach
fiduciary duty.[3]  We disagree.

A.     No-Evidence
Summary Judgment Standard of Review

After an adequate time for discovery, the party
without the burden of proof may, without presenting evidence, move for summary
judgment on the ground that there is no evidence to support an essential
element of the nonmovant=s claim or defense.  Tex. R. Civ. P. 166a(i).  The motion must specifically state the
elements for which there is no evidence. 
Id.; Johnson v. Brewer & Pritchard, P.C., 73 S.W.3d
193, 207 (Tex. 2002).  The trial court
must grant the motion unless the nonmovant produces summary judgment evidence
that raises a genuine issue of material fact. 
See Tex. R. Civ. P. 166a(i) & cmt.; Sw. Elec. Power Co. v.
Grant, 73 S.W.3d 211, 215 (Tex. 2002).








When reviewing a no-evidence summary judgment, we
examine the entire record in the light most favorable to the nonmovant,
indulging every reasonable inference and resolving any doubts against the
motion.  Sudan v. Sudan, 199
S.W.3d 291, 292 (Tex. 2006).  If the
nonmovant brings forward more than a scintilla of probative evidence that
raises a genuine issue of material fact, then a no-evidence summary judgment is
not proper.  Moore v. K Mart Corp.,
981 S.W.2d 266, 269 (Tex. App.CSan
Antonio 1998, pet. denied).  But when the
evidence is so weak that it does nothing more than create a mere surmise or
suspicion of a fact, less than a scintilla of evidence exists, and a
no-evidence summary judgment is proper.  Kindred
v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983).  We review a no‑evidence summary
judgment for evidence that would enable reasonable and fair‑minded jurors
to differ in their conclusions.  Hamilton
v. Wilson, 249 S.W.3d 425, 426 (Tex. 2008) (citing City of Keller v.
Wilson, 168 S.W.3d 802, 822 (Tex. 2005)).

B.     No-Evidence
Summary Judgment on Breach of Fiduciary Duty

In her first point, Ann argues that the trial
court erred by granting summary judgment on her claim that Gary breached his
fiduciary duty as trustee of the trust. 
Gary counters that there is no evidence to support each element of Ann=s claim.








To recover for a breach of fiduciary duty, a
plaintiff must show that a fiduciary duty existed, breach of that duty,
causation, and damages.  See generally
Avary v. Bank of Am., N.A., 72 S.W.3d 779, 792 (Tex. App.CDallas
2002, pet. denied).

To support her contention that the trial court
erred by granting summary judgment, Ann lists six items that she claims are
evidence that create a genuine issue of material fact as to whether Gary
breached his fiduciary duty in his capacity as trustee.  We will address each of these items in turn.








First, Ann asserts that Gary and Rita funded the
trust with $400,000 in 2002, which included $300,000 in General Motors bonds
and $100,000 in an interest-bearing account with Bank of Omaha.  Second, Ann asserts that as of December 12,
2007, only $405,028.15 remained in the trust. 
Although Ann does not cite any authority as to why these items
constitute evidence of a breach of fiduciary duty, she does, in the analysis of
her second issue, make the proclamation that the corpus of the trust Ais
$143,196.11 less than it should be.@  See Tex. R. App. P. 38.1(i) (stating
that a Abrief
must contain a clear and concise argument for the contentions made, with
appropriate citations to authorities and to the record@).  These assertions do not demonstrate any of
the elements of a breach of fiduciary duty claim.  See In re M.D.C., 171 S.W.3d 361, 364
(Tex. App.CDallas 2005, no pet.) (holding
that breach of fiduciary duty claim requires evidence that a duty by trustee is
owed to beneficiary); Brazosport Bank of Tex. v. Oak Park Townhouses,
889 S.W.2d 676, 685 (Tex. App.CHouston
[14th Dist.] 1994, writ denied) (holding that there was no evidence that
fiduciary duty was breached).

In her third listed item, Ann asserts that Gary
has never provided an accounting to her regarding the trust.  But Ann does not point to any evidence in the
record demonstrating that Gary, under the trust instrument, had a duty to
account to Ann during his tenure as trustee. 
See In re M.D.C., 171 S.W.3d at 364.  Further, Ann provided no evidence that she
ever demanded an accounting while Gary was trustee.  See Tex. Prop. Code Ann. ' 113.151
(Vernon 2007) (providing the terms under which a beneficiary may make a demand
on the trustee for a trust accounting). 
This assertion also fails to demonstrate evidence of any of the elements
of a breach of fiduciary duty by Gary.








In her remaining three listed items, Ann argues
that Gary made a one-time distribution of $5,000 to her but made no other
distributions to her while he was trustee; that Gary admitted that as trustee
of the trust, he invested in long-term corporate bonds intending to provide Ann
with an annual income of $20,000 but that it has not; and that Gary admitted to
withholding funds of the trust to Ann in order to keep her from being with her
mother at the end of her mother=s life
and to Apunish@ her for
past acts that Gary found unacceptable. 
Gary responds that the trust is a discretionary trust and that, during
his tenure as trustee, it was within his discretion to determine when and what
amounts were to be distributed to Ann. 
We agree with Gary.

Under a discretionary trust, the beneficiary is
entitled only to the income or principal that the trustee, in his discretion,
shall distribute to the beneficiary.  See
Kolpack v. Torres, 829 S.W.2d 913, 915 (Tex. App.CCorpus
Christi 1992, writ denied) (citing G. Bogert, The Law of Trusts and Trustees ' 228
(2d ed. 1979)).  The beneficiary of a
discretionary trust cannot compel the trustee to pay her or to apply for her
use any part of the trust property.  Id.

The trust in this case specifically states that AThe
Trustee shall have complete discretion to pay or use . . . the net
income and/or corpus of the Trust as the Trustee, in its sole discretion, may
determine to be reasonably necessary for [Ann].@  We first note that Gary has not been the only
trustee of the Ann E. Malone Trust.  But
regardless of who was the trustee, it was within the trustee=s
discretion to make distributions to Ann, and a court cannot substitute its
discretion for that of the trustee.  See
Beaty v. Bales, 677 S.W.2d 750, 754 (Tex. App.CSan
Antonio 1984, writ ref=d n.r.e.).  We conclude and hold that Ann presented no
evidence that Gary breached any fiduciary duty he may have owed to Ann under
the trust and that the trial court did not err by granting Gary=s
no-evidence summary judgment on Ann=s breach
of fiduciary duty claim.  We overrule Ann=s first
point.








C.     No-Evidence
Summary Judgment on Civil Conspiracy Claim

In her second point, Ann argues that the trial
court erred by granting Gary=s
summary judgment on her claim that Gary conspired to breach his fiduciary duty
to her.  Gary counters that Ann Aput
forth no evidence of a breach of fiduciary duty that proximately caused damage
to Ann.@  We agree that Ann presented no evidence that
Gary was involved in a civil conspiracy to breach any alleged fiduciary duty he
owed to Ann.  Thus, the trial court did
not err by granting Gary=s no-evidence summary judgment.








An actionable civil conspiracy is a combination
by two or more persons to accomplish an unlawful purpose or to accomplish a
lawful purpose by unlawful means.  Massey
v. Armco Steel Co., 652 S.W.2d 932, 934 (Tex. 1983).  The essential elements of a civil conspiracy
are (1) two or more persons; (2) an object to be accomplished;
(3) a meeting of the minds on the object or course of action; (4) one
or more unlawful, overt acts; and (5) damages as the proximate
result.  Juhl v. Airington, 936
S.W.2d 640, 644 (Tex. 1996); Triplex Commc=ns, Inc.
v. Riley, 900 S.W.2d 716, 719 (Tex. 1995). 
It is not the agreement itself but an injury to the plaintiff resulting
from an act done pursuant to the common purpose that gives rise to a cause of
action for civil conspiracy.  Carroll
v. Timmers Chevrolet, Inc., 592 S.W.2d 922, 925 (Tex. 1979).  In other words, recovery is not based on the
conspiracy but on an underlying tort.  Tilton
v. Marshall, 925 S.W.2d 672, 681 (Tex. 1996).  Thus, a conspiracy claim is a derivative
tort.  Id.  Ann alleged that Gary breached his fiduciary
duty as the underlying tort to support her conspiracy claim.  Breach of fiduciary duty is a recognized
cause of action that will support a civil conspiracy claim.  See Lesikar v. Rappeport, 33 S.W.3d
282, 302 (Tex. App.CTexarkana 2000, pet.
denied).  But, as explained above, Ann
has failed to show any evidence as to how Gary breached his fiduciary duty to
Ann as trustee of the trust.








Furthermore, Ann cannot point to any evidence,
circumstantial or otherwise, supporting her claim of civil conspiracy.  The only potential evidence that Ann points
to this court is that Gary, as trustee, made loans to himself in his capacity
as executor of the Estate of Vivian Malone from the trust; that Gary accepted
loan proceeds from Rita, who succeeded Gary as trustee; that the loans were not
documented in the accountings pertaining to the Estate of Vivian Malone; that
the corpus of the trust is less than Ann expects it to be; and that Gary made
only a one-time $5,000 distribution to Ann while he was trustee.  But these facts are nothing more than events
that might give rise to speculative inferences compounded upon one another that
Gary and Rita had a meeting of minds with the object being to breach their
alleged fiduciary duties to Ann and are insufficient to prove that Gary engaged
in a civil conspiracy to harm her.  See
Rayon v. Energy Specialties, Inc., 121 S.W.3d 7, 16 (Tex. App.CFort
Worth 2002, no pet.) (holding that party may not establish a vital fact by
piling one inference upon another).

Vital facts may not be proved by unreasonable
inferences from other facts and circumstances. 
Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.,
435 S.W.2d 854, 858 (Tex. 1969) (citing >No
Evidence= and >Insufficient
Evidence,= 38 Tex. L. Rev. 359, 363).  A party may not establish a vital fact by
piling one inference upon another.  Id.  To permit proof in this fashion would violate
the long-established rule that requires proof of any vital fact by evidence
amounting to something more than a mere scintilla.  Joske v. Irvine, 91 Tex. 574, 582, 44
S.W. 1059, 1063 (1898).  We conclude and
hold that Ann presented no evidence that Gary engaged in a civil conspiracy to
breach any potential fiduciary duty he owed to Ann.  Thus, we hold that the trial court did not
err by granting Gary=s no-evidence summary judgment
as to Ann=s civil conspiracy claim and
overrule Ann=s second point.

                                        IV. 
Conclusion

Having overruled both of Ann=s
points, we affirm the trial court=s
judgment.

PER
CURIAM

 

PANEL:  MEIER, LIVINGSTON, and WALKER, JJ.

 

DELIVERED:  August 20, 2009











[1]See Tex. R. App. P. 47.4.





[2]Ann has also engaged in
other litigation involving Gary and their mother=s estate.  See Malone v. Malone, No.
10-04-00011-CV, 2005 WL 1303366, at *1 (Tex. App.CWaco, June 1, 2005) (mem.
op) (holding that Vivian Malone=s estate, of which Gary is independent executor,
was entitled to funds in Vivian Malone=s bank account after Vivian=s death despite executed
signature card that purportedly made Ann and Vivian joint holders of the
account with right of survivorship).





[3]Ann appeals only the
portion of the trial court=s order granting Gary summary judgment on her
claims for breach of fiduciary duty and civil conspiracy.  Ann does not appeal the trial court=s order granting summary
judgment on her intentional infliction of emotional distress claim.