**AFFIRM; and Opinion Filed August 22, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00328-CV**

**RONG TANG, Appellant**
**V.**
**TEXAS WORKFORCE COMMISSION, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-04685-2011**

**MEMORANDUM OPINION**

Before Justices O'Neill, Francis, and Fillmore
Opinion by Justice O'Neill

The Texas Workforce Commission (TWC) denied appellant Rong Tang's application for a "trade readjustment allowance." Tang filed a petition for judicial review. The trial court denied Tang relief. In two issues, Tang asserts the trial court erred in doing so because the TWC's decision was erroneous. For the following reasons, we affirm the trial court's order.

A party adversely affected by the TWC's determination concerning trade readjustment allowances may obtain judicial review of that decision. 40 TEX. ADMIN. CODE § 849.51. Judicial review is by trial de novo based on the substantial evidence rule. *Id;* TEX. LAB. CODE ANN. § 212.202(a) (West 2006). Under this hybrid review, the trial judge conducts an evidentiary hearing for the limited purpose of determining whether, at the time the agency rendered its order, there then existed sufficient facts to justify the order. C*ooper v. Tex. Workforce Comm'n,* 343 S.W.3d 310, 312 (Tex. App.—Dallas 2011, pet. denied). *Id.* The

agency's ruling carries a presumption of validity and the party seeking to set aside the decision has the burden to show it was not supported by substantial evidence. *See Collingsworth Gen. Hosp. v. Hunnicutt*, 988 S.W.2d 706, 708 (Tex. 1998). The reviewing court may not set aside an agency decision merely because it would reach a different conclusion. *Id.* It may do so only if it finds that the decision was made without regard to the law or the facts and therefore was unreasonable, arbitrary, or capricious. *Id*.

The trial court makes its determination based on the evidence presented before it, not the agency record. *See JMJ Acquisitions Mgmt., LLC. V. Peterson,* ___ S.W.3d ___, 2013 WL 2635961, *1 (Tex. App.—Dallas 2013, no pet. h); *Direct Commc'ns, Inc. v. Lunsford*, 906 S.W.2d 537, 541 (Tex. App.—Dallas 1995, no writ). Although the standard of review prohibits the trial court from simply reviewing the agency's record to determine if the decision is supported by substantial evidence, individual items from the agency's record may be introduced independently as part of a de novo review. *Nuernberg v. Tex. Emp. Comm'n*, 858 S.W.2d 364, 365 (Tex. 1993); *JMJ Acquisitions,* 2013 WL 2635961 at *3.

At the hearing on her petition for judicial review, Tang did nothing more than reference documents that she asserted showed the TWC's decision was incorrect. Although she provided copies of these documents to the trial court, she did not offer any of these documents into evidence and they are not part of the reporter's record of the hearing. Nor did Tang present any other evidence at the hearing.[1] We conclude Tang did not meet her burden to present evidence to show the TWC's decision was not supported by substantial evidence. *Cf. In re M.D.C.,* 171 S.W.3d 361, 364 (Tex. App.—Dallas 2005, no pet) (refusing to consider documents referenced at trial, but not admitted into evidence). We recognize Tang represented herself pro se at the

---

[1] In responding to Tang's brief, the TWC references the agency record it filed in the trial court after the trial court made its decision. However, we cannot consider evidence that was not introduced into evidence and was not before the trial court when it rendered its decision. *See JMJ Acquisitions,* 2013 WL 2635961 at *1 (trial court can consider evidence heard at TWC hearing only if properly introduced).

hearing, as she does on appeal. We nevertheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with all applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). We resolve Tang's two issues against her.

We note that in her reply brief, Tang asks that we remand the case to the trial court to continue the hearing on her motion for new trial. The trial court signed its order denying Tang's petition for judicial review on December 15, 2011. Tang filed a timely motion for new trial on January 13, 2012. Appellant's motion for new trial was overruled by operation of law on February 28, 2012. TEX. R. CIV. P. 329b(c). On April 5, 2012, more than thirty days later, the trial court conducted a hearing on Tang's motion for new trial. At that hearing, the trial court purported to abate the hearing pending a determination from this Court as to whether it had jurisdiction. In her response to TWC's reply brief, appellant has asked we remand the case to the trial court to continue the hearing. However, at the time the trial court purported to abate the hearing, its plenary jurisdiction had already expired. *See* TEX. R. CIV. P. 329b(e) (trial court has plenary power for thirty days after timely filed motion for new trial is overruled). Therefore, we deny Tang's request to remand the case to the trial court to continue the hearing on her motion for new trial.

We affirm the trial court's order.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

120328F.P05

–3–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RONG TANG, Appellant

No. 05-12-00328-CV        V.

TEXAS WORKFORCE COMMISSION, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-04685-2011.
Opinion delivered by Justice O'Neill.
Justices Francis and Fillmore participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee TEXAS WORKFORCE COMMISSION recover its costs of this appeal from appellant RONG TANG.

Judgment entered this 22nd day of August, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE